Janet Bacon BAGGETT, Appellee,
Cross-Defendant,

v.

Victor Lee BAGGETT, Appellant,
Cross-Complainant.

Court of Appeals of Tennessee,
Middle Section.

Nov. 30, 1973.

Rehearing Denied Dec. 28, 1973.
Certiorari Denied July 29, 1974.

J. William Rutherford, Nashville, for appellee.

George H. Cate, Jr., Cate & Cate, Nashville, for appellant.

OPINION

TODD, Judge.

This is the second appeal in this divorce case. In the former appeal, this Court affirmed a decree of divorce in favor of the husband-cross complainant and the award of custody of two minor children to the wife-cross defendant; however, the final adjudication of property rights and permanent custody was reserved for further consideration of the Trial Judge "at the conclusion of the present (1972) school year."

As a result of a further hearing by the Trial Judge, it was ordered that:

1. The principal custody of the minor children of the parties be awarded to cross-defendant, Janet Bacon Baggett, with

continuation of visitation privileges as previously ordered.

2. That certain property in Robertson County, Tennessee be awarded to cross-complainant, Victor Lee Baggett, as his sole property and that all right, title and interest of Janet Bacon Baggett in said property be divested out of her and vested in Victor Lee Baggett.

3. That the home place and personal property of the parties in Davidson County, Tennessee shall remain the property of both parties as tenants in common subject to the right and privilege of the cross-defendant to have the use of said property so long as she retains the principal custody of either or both of the minor children.

4. The solicitor for the cross-defendant wife was awarded a fee of $2,000.00, one-half of same to be paid by each party.

From said decree the cross-complainant, Victor Lee Baggett, has appealed and filed two assignments of error, of which the first is as follows:

"1. The Court erroneously held that it is in the best interests of the minor children for principal custody to be awarded to the Mother."

The decree of the Trial Judge recites:

"IT IS ORDERED, ADJUDGED AND DECREED that principal custody of the minor children of the parties be awarded to Janet Bacon Baggett, with the visitation privileges heretofore extended to Victor Lee Baggett to continue in full force and effect."

The factual grounds cited in support of the first assignment are:

1. Refusal of the mother to discuss the welfare of the children with the father.

2. Mother's alleged efforts to discourage telephone communication of children and father.

3. Refusal (on one occasion) to allow children to begin visit with father earlier than ordered to avoid bad weather.

4. An alleged false statement by mother to child about father.

5. Administration by mother of prescribed medication to child before visit to father.

6. Solicitation of sympathy by mother from children.

7. False accusation of one child by mother.

8. Better opportunities for outdoor activities at father's home.

9. Exposure of children to company of paramour of mother and intimacies between mother and paramour in presence of children.

10. Expressed desire of one child to live with father.

The divorce was granted to the father on grounds of misconduct of the mother with the paramour with whom she still keeps company. The father is understandably disturbed that his sons, now aged 13 and 14, are exposed to such behavior. The mother retorts that there is no impropriety in her relations with said paramour, since she in now a single woman.

The first nine grounds cited supra are not deemed sufficient to justify a reversal of the discretionary grant of custody to the mother. They are cause for concern and for such remedial modifications as are proper under the circumstances.

The desire of the younger child to be with his father is deserving of consideration. However, his expressed desire was not unequivocal and was modified in other testimony. Furthermore, the older child desired to be with his mother, and there is merit in the proposition that the children

should not be separated by a custody order. Furthermore, there are advantages to the boys in living with their mother in town during the school year, as against living with their father in a rural home. The contrary is true during the summer when school is not in session.

Also, in view of the provisions of § 31–201(4), T.C.A., and the decisions cited in annotation No. 13 thereunder, this Court is reluctant to affirm any adjudication of custody which might be interpreted to commit custody to the guilty wife to the exclusion of the husband to whom the divorce was granted. For this reason, the wife will not be granted *principal* custody, as stated in the decree of the Trial Court; but, rather, a *divided* custody will be entrusted to both parents.

The decree of custody, heretofore quoted, will therefore be modified to entrust divided custody to both parents, to the mother for one week prior to and during the regular period of school sessions, and to the father during the remainder of the school vacation period in the summer; that is, all of the summer vacation except the last week thereof. During the period of the mother's custody, the visitation rights of the father shall be as previously ordered and reaffirmed by the above quoted decree. During the period of the father's custody, the visitation rights of the mother, as provided by previous decree, shall be limited to visits at the father's home and shall not include removal of the children therefrom.

To the extent indicated, the first assignment of errors is sustained; otherwise, it is respectfully overruled.

The second assignment of error is as follows:

"2. The Court erroneously awarded to the solicitor for the Appellee a fee of $1,000.00 to be paid by the Appellant."

The pertinent portion of the decree appealed from is as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a fee of $2,000.00 is awarded to James W. Rutherford, Attorney, with each of the parties being responsible for one-half of the fee."

The fee was awarded principally in connection with the former appeal to this Court.

The evidence reflects that the earnings of appellant and appellee are approximately equal. The former appeal of appellant was sustained in part and rejected in part, and the costs of the appeal were divided equally between the parties.

Under these circumstances, it would appear reasonable that the other expenses of the appeal (attorney's fees) should be borne equally by the parties. The order of the Trial Judge burdens appellant with three-fourths, rather than one-half of attorney's expense. The fees of his own counsel would logically be one-half of the legal expense, and the fees of counsel for appellee (the wife) would be the other half. Thus the fees of appellant's counsel plus one-half of the fee of appellee's counsel would approximate three-fourths of the total legal expense, which is not an equal division of legal expenses.

The Trial Court may, under proper circumstances, require the husband to pay fees of counsel for the wife on appeal. 27–A C.J.S. Divorce § 203, p. 882, n. 71.10. However, such allowance should be limited by equitable considerations.

Where both parties are partially successful on appeal, it has been held that no counsel fees should be awarded in respect to the appeal. 27–B C.J.S. Divorce § 325(2)c, p. 785, n. 12.25.

After the wife is found guilty of misconduct authorizing a divorce, it has been held reversible error to grant further suit money. 24 Am.Jur.2d, Divorce and Separation,

§ 596, p. 721, n. 12. See also 2 A.L.R.2d 331, 336 ff.

Granting the judicial necessity of providing a wife the legal means of asserting or defending her rights, even on appeal, this case does not represent a proper situation for the award to the wife for counsel fees on appeal. She at all times has had and still has the financial resources to assert and defend her rights in court, and there is no other meritorious ground for awarding attorney's fees to a spouse found guilty of misbehavior.

Accordingly, the second assignment of error is sustained, and the requirement that appellant pay $1,000.00 fee to counsel for appellee will be deleted from the decree.

There is no appeal from or assignment of error as to the amount of fee allowed to counsel for appellee or the order to appellee to pay $1,000.00. Therefore, the validity or effect thereof is not before this Court and no ruling is made thereon.

The decree of the Trial Court is modified as to child custody and visitation as heretofore set out, and further modified to delete the requirement that appellant pay attorney's fees. Otherwise, said decree is affirmed.

The costs of this appeal are taxed against appellee.

The cause is remanded for further necessary proceedings.

Modified, affirmed and remanded.

SHRIVER and PURYEAR, JJ., concur.

## OPINION ON PETITION TO REHEAR

TODD, Judge.

The complainant-cross-defendant, Janet Bacon Baggett, has filed a respectful petition to rehear on two grounds.

First, petitioner complains of the action of this Court in modifying the decree of the Trial Judge to delete therefrom the requirement that the defendant-cross-complainant pay to petitioner's solicitor the sum of one thousand dollars.

Petitioner urges that this Court erred in holding that the one thousand dollar award was solely in connection with a previous appeal. No citations to the record support this allegation of error. The entire record does disclose the following:

On March 30, 1970, the Trial Court ordered defendant-cross-complainant to pay to petitioner's solicitor $150.00 as attorney fee pendente lite.

On November 30, 1970, the Trial Court entered its final decree adjudging petitioner to be guilty of misconduct sufficient to entitle respondent herein to a divorce. Said decree also effected a division of marital property, including the proceeds of a certain savings account, one-half of which was ordered delivered to solicitor for petitioner who was granted a lien thereon.

"in the amount of $300.00 for his services rendered" without prejudice to any contractual obligation of petitioner to her solicitor.

It thus satisfactorily appears to this Court that, at the time of the final decree and division of property, the $150.00 fee pendente lite and the $300.00 fee to be paid out of petitioner's share of the bank account was the extent to which the Trial Judge saw fit to provide fees by court order for services up to the time of the final decree.

Consequently, any further award of fees must be attributed to proceedings subsequent to the final decree, whether such proceedings be motions, petitions, or appeal.

For the foregoing reasons, there is no support in the record for petitioner's insistence that the subsequent requirement that respondent pay additional fee to the

solicitor for respondent was in some way involved in or justified by the manner of division of property.

Petitioner cites Raskind v. Raskind, 45 Tenn.App. 583, 325 S.W.2d 617, 624; however, in that case the wife was awarded a divorce because of the misconduct of the husband, whereas the reverse is true in the present case.

A number of other authorities are cited which relate to the amount of attorneys' fees allowed, rather than the propriety of awarding a fee at all, which is the question in the present case.

Petitioner relies upon § 36–822, T.C.A. for the allowance of fees in connection with contests as to child custody and child support. In the view of this Court, said statute does not require the allowance of fees under the circumstances of this case as set out in the principal opinion on this appeal.

Petitioner cites 32 A.L.R.3rd 1227, 1235, § 3; however, a reading of the entire article in which said citation is found discloses that there are numerous circumstances, including those of this case, wherein a successful divorce party should not be burdened with payment of fees of the solicitor for his adversary.

Petitioner complains that this Court "deleted . . . from the fee . . . allowed to her solicitor . . . one-half."

Petitioner misinterprets the opinion and order of this Court which did not delete any fee, but merely deleted the order requiring respondent to pay any part thereof.

Petitioner's second complaint is that this Court failed to expressly preserve the right of petitioner to possess and use the home *formerly occupied by the parties.* The final decree, entered on November 30, 1970, states:

"This home place, generally described as 476 Broadwell Drive, Davidson County, Tennessee, shall be maintained by the cross-defendant as a home for the children, and the cross-defendant is enjoined from selling the property without the order of this Court."

This decree was affirmed on the former appeal.

The subsequent order, from which the most recent appeal was made, provided:

"Janet Bacon Baggett shall have the right and privilege of remaining in the said property and making a domicile for herself and the two minor children for so long as she has the principal custody of either one or both of the minor children. When the children are emancipated, or in the event the principal custody is changed, then the property will be sold, and the equity will be divided equally by and between the parties, Victor Lee Baggett and Janet Bacon Baggett."

Said provision was not expressly modified by the opinion or decree of this Court, but was affirmed. Petitioner evidently fears that the action of this Court in changing "principal custody" to "divided custody" will effect an automatic termination of the rights of petitioner under the above-quoted order of the Trial Court. Such was not the intent of the opinion and decree of this Court and a further clarifying order will be entered accordingly on the minutes of this Court.

Except as indicated, the petition to rehear is respectfully overruled. An order will be entered overruling the petition and providing that the former decree of this Court was not intended to and did not change or disturb the right of petitioner to occupy the home as ordered by the Trial Judge, which right remains subject to further orders of the Trial Judge.

Petitioner will pay the costs incident to the petition to rehear.

SHRIVER and PURYEAR, JJ., concur.