**In re Dale Brynolf PAULSON, Debtor.**

**Mary Grace McMURRAY fka Mary Grace Paulson, Plaintiff,**

v.

**Dale Brynolf PAULSON, Defendant.**

**Bankruptcy No. 82–22367.**
**Adv. No. 82–2944.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Jan. 26, 1983.

Colby Morgan, Jr., Memphis, Tenn., for plaintiff.

Sidney Feuerstein, Memphis, Tenn., for defendant.

## MEMORANDUM ORDER

DAVID S. KENNEDY, Bankruptcy Judge.

This adversary proceeding is before the court upon the complaint filed by the plaintiff, Mary Grace McMurray fka Mary Grace Paulson, against the defendant, Dale Brynolf Paulson ("Debtor"), pursuant to 11 U.S.C. § 523(a)(5), seeking a non-dischargeable judgment.

## ISSUE

The issue is whether attorneys' fees awarded to a debtor's former spouse in successfully defending against a post-divorce child custody proceeding in Tennessee are non-dischargeable under 11 U.S.C. § 523(a)(5).[1]

---

1. This is a proceeding of first impression for this Court.

## BACKGROUND

The relevant facts are not in substantial dispute and may be briefly summarized as follows: Plaintiff and the debtor were married on December 28, 1968. Two children were born of this marriage. On August 1, 1978, the parties entered into a "Property Settlement Agreement" which provides, in pertinent part, as follows:

"2. Custody of the minor children . . . shall be in the Wife (plaintiff herein) . . .;

"3. Husband (debtor herein) shall pay . . . $300.00 per month as child support . . .;

"10. Each party shall pay their respective attorney's fees in full. Husband shall pay all court costs in connection with this divorce."

On January 3, 1979, a final decree of divorce was entered in Tennessee, which approved and incorporated the parties' "Property Settlement Agreement". On or about November 10, 1980, the Debtor sued the plaintiff in the Tennessee state court seeking, inter alia, a post-divorce change of custody of the minor children. After protracted litigation the debtor's request to change custody was ultimately denied; and the court, on the basis of need and pursuant to statute, ordered the debtor to pay the plaintiff's attorneys' fees for said proceeding in the amount of $7,500.00 and reimbursement of expenses of $1,894.32, for a total judgment of $9,394.32. On July 14, 1982, the debtor filed an original petition under Chapter 7 of the Bankruptcy Code whereupon the plaintiff filed the instant adversary proceeding asking that her award of attorneys' fees and expenses arising from the post-divorce child custody proceeding be declared nondischargeable.

## FEDERAL LAW

11 U.S.C. § 523(a)(5) provides as follows: "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

"to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

\*  \*  \*  \*  \*  \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

The Legislative history makes it clear that what constitutes alimony, maintenance or support will be determined under the bankruptcy laws, not state law (despite the fact that the support duty is a creature of state law). House Report No. 95–595, 95th Congress, 1st Session (1977) p. 363; Senate Report No. 95–989, 95th Congress, 2d Session (1978) pp. 77–79, U.S.Code Cong. & Admin.News 1978, p. 5787.[2] Thus, cases such as *In re Waller,* 494 F.2d 447 (6th Cir.1974), are overruled, and the result in cases such as *Fife v. Fife,* 1 Utah 2d 281, 265 P.2d 642 (1952), is followed. Although the bankruptcy court is not bound by state law characterizations as to what constitutes alimony, maintenance or support, it may look to state law as an aid in determining the purpose of the particular award. See *In re Glover,* 16 B.R. 213, 215 (Bkrtcy.M.D. Fla.1981).

In *In re Gwinn,* 9 B.C.D. 147, 20 B.R. 233 (9th Cir. Panel 1982), a proceeding under 11 U.S.C. § 523(a)(5), the court held that an award of attorney's fees to the attorney for the former spouse was nondischargeable as being in the nature of spousal support, and no distinction is made between fees awarded in the divorce proceedings and those awarded in *post-divorce custody litigation.*

In *In re Catlow,* 663 F.2d 960 (9th Cir. 1981), decided under former § 17(a)(7), 11 U.S.C. § 35(a)(7), the court held that attorney's fees awarded to the bankrupt's former spouse in a post-divorce child custody proceeding in Arizona were nondischargeable. Specifically, the court stated at p. 963 as follows:

**2.** See also, *In re Spong,* 661 F.2d 6, 8–9 (C.A.2 1981).

"Arizona treats a post-divorce child custody proceeding as a continuation of the original divorce action. See *Beard v. Greer,* 116 Ariz. 536, 539, 570 P.2d 223, 226 (Ariz.App.1977). The factors and bases delimiting a court's power to award attorney's fees in the original action are therefore identical in the later ancillary proceeding. See *Bradstreet v. Bradstreet,* 34 Ariz. at 346–47, 271 P. at 719. As Arizona law considers attorney's fees to be spousal support if awarded in the original divorce action, this characterization must therefore also apply to fees awarded in post-divorce child custody proceedings.

"As Catlow's debt for legal services is founded upon his state-created obligation to support his former wife, the debt is nondischargeable under section 17(a)(7) of the former Bankruptcy Act. See *Wetmore v. Markoe,* 196 U.S. 68, 76–77, 25 S.Ct. 172, 175, 49 L.Ed. 390 (1904); *Jones v. Tyson (In re Jones),* 518 F.2d at 680."

### STATE LAW

Tennessee Code Annotated § 36–822, entitled "Enforcement of decree for alimony and support", provides, in pertinent part, as follows:

"The plaintiff spouse may recover from the defendant spouse, and the spouse . . . to whom the custody of the . . . children is awarded, may recover from the other spouse reasonable attorney fees incurred . . . in regard to any suit or action concerning the adjudication of the custody or the change of custody of any . . . children, of the parties, . . . at any subsequent hearing, which fees may be fixed and allowed by the court . . . in the discretion of such court." See *Baggett v. Baggett,* 512 S.W.2d 292, 295 (Tenn.Ct. App.1973).

*Garrett, Tennessee Divorce Alimony and Child Custody* § 15–17 provides, in pertinent part, as follows:

"Reasonable attorney's fees incurred by wife in enforcing the decree for alimony and child support may be recovered from the husband where the obligation is statutory and not contractual." See *Renland v. Renland [Penland v. Penland],* 521 S.W.2d 222, 225 (TN 1975), *Mills v. Fuey,* 6 TAM 36–4 (Tenn.App.1980).

§ 19–8 provides that:
"Reasonable counsel fees are a necessity and may be recovered against the ex-husband and father in actions for the modification of alimony and child support." See *Thomas v. Thomas,* 46 TN App. 572, 578, 330 S.W.2d 583, 586–587 (1959); *Weinstein v. Heimberg,* 492 [490] S.W.2d 693, 629 [696] (TN App.1972); *Graham v. Graham,* [140] TN 328, 334–335, 204 S.W. 987, 989 (1918).

"The costs can be adjudged against the successful father since his childrens' rights are involved." See, *Doty v. Doty,* 37 TN App. 120, 128, 260 S.W.2d 411, 414 (1952).

§ 25–9 provides that:
"No case was found allowing the recovery of attorney's fees in a child custody proceeding. The taxing of attorney's fees as part of costs is contrary to public policy unless allowed by statute." See *Raskind v. Raskind,* 45 TN App. 583, 601, 325 S.W.2d 617, 625 (1959).

"If the proceeding for modification of a child custody award is in a court having jurisdiction to award child support under TCA 36–820 or 36–828, the petitioner may request a sum for the payment or reimbursement of attorney's fees as additional child support." See, T.C.A. § 36–822; *Weinstein v. Heimberg,* 490 S.W.2d 692, 696 (TN App.1972).

§ 9–9 provides that:
"Attorney's fees are part of the expenses incident to divorce and are generally allowed to the wife whether plaintiff or defendant. *Shy v. Shy,* 54 TN 125, 126–127 (1872). They are awarded to provide the wife with the means to assert or defend her rights in the trial court and on appeal." See, *Ligon v. Ligon,* 556 S.W.2d 763, 768 (TN App.1977); *Baggett v. Baggett,* 512 S.W.2d 292, 295 (TN App.1974); *Hall v. Hall,* 42 S.W.273, 274 (TN.Ch.App. 1897).

"Counsel fee for services rendered the wife in appellate courts may also be allowed the wife." See, *Baggett v. Baggett,* supra; *Shy v. Shy,* supra.

## CONCLUSIONS

An obligation is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5) if it is founded on a legal duty of support.[3] "Whether a duty of support exists depends on state law; whether an obligation based on that duty is nondischargeable depends on federal law." 1 *Norton Bankr L. & Prac.* § 27.31. However, determining whether the debt in question is founded upon or arises from the support duty is a difficult problem. Although not totally free from doubt, the court concludes and finds in the instant proceeding that the plaintiff's award of *statutory* attorneys' fees by the state court is an ancillary obligation and said fees and expenses were awarded as being in the nature of spousal or child support under Tennessee Code Annotated § 36–822. Thus, the plaintiff's obligation is non-dischargeable under 11 U.S.C. § 523(a)(5).

This "Memorandum Order" shall constitute the court's findings of fact and conclusions of law. Bankruptcy Rule 752(a).

Based on all the foregoing and the case record as a whole:

IT IS ORDERED: That the plaintiff's complaint be and it is hereby sustained as set forth above; and plaintiff's attorney is directed to prepare an appropriate judgment for entry.

IT IS FURTHER ORDERED: That the debtor's request seeking an assessment of fees against the plaintiff be and it is hereby denied.

---

**3.** The duty to support a present or former spouse or child is the principal interest protected by 11 U.S.C. § 523(a)(5). E.g., an obligation based "on the natural and legal duty of a husband to support the wife" is saved from discharge in bankruptcy. *Audubon v. Shufeldt,* 181 U.S. 575, 577, 21 S.Ct. 735, 736, 45 L.Ed. 1009 (1901); *Wetmore v. Markoe,* 196 U.S. 68, 76, 25 S.Ct. 172, 175, 49 L.Ed. 390 (1904).