# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | | |
|---|---|---|
| CAROLYN LOUISE TAYLOR PERKINS, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant/ Appellant, | ) | Davidson Circuit No. 93D-1577 |
| | ) | |
| VS. | ) | Appeal No. 01A01-9504-CV-00158 |
| | ) | |
| JOHN BAUMAN PERKINS, JR., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff/ Appellee. | ) | |

**FILED**

**November 15, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE
THE HONORABLE ROBERT L. JACKSON, SPECIAL JUDGE

**Mary Ann Reese**
**Baydoun, Harris & Reese, P.A.**
Nashville, Tennessee
Attorney for Appellant

**Carol L. Soloman**
Nashville, Tennessee
Attorney for Appellee

**AFFIRMED AS MODIFIED**

**ALAN E. HIGHERS, JUDGE**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HEWITT P. TOMLIN, JR., SP. J.**

This is a divorce case in which Wife appeals the judgment of the trial court

regarding, *inter alia*, the division of marital property and the trial court's allowance of expert testimony.

## I.

The pertinent facts are as follows. Carolyn Louise Taylor Perkins (hereinafter "Wife") and John Bauman Perkins, Jr. (hereinafter "Husband"), were married on June 24, 1966. One child, now in her majority, was born of the parties' marriage. During the marriage, both Husband and Wife worked outside of the home. At the time of the divorce, the parties owned two businesses: Special Security Services, Inc., a private guard duty and funeral escort service, and Special Removal Services, which transported dead bodies. Husband worked at the parties' businesses while Wife worked elsewhere. However, Wife handled the businesses' payroll and billing requirements from the businesses' inception in 1988 until 1991.

Husband had several extra-marital affairs throughout the parties' marriage. In March of 1993, Wife learned that Husband was having an affair with Bobbie Denney. The parties separated at that time. At the time of trial, Husband was living with Ms. Denney and her three children. Husband made minor contributions to the Denney household for food, cleaning, and other household items. Ms. Denney worked for Special Security Services, without pay, but was given a company car to drive.

Wife was granted a divorce on the first day of trial after Husband's admission of adultery. However, the trial court did not divide the marital estate or consider issues of alimony until almost two months later. At that time, the trial court divided the marital property as follows. The equity in the marital residence, in the amount of $54,400, was divided between the parties. The court apportioned Husband's share in the equity as follows: one half of Husband's portion, or $13,600, was awarded as alimony *in solido*, one half was credited against Wife's share in the parties' businesses. The parties retained the personal property that was in their possession. Wife was awarded 32 shares of General

2

Electric stock. Both parties retained their respective checking, savings and retirement accounts. Wife was awarded ownership of the parties' life insurance policy; however, Husband received a credit for his portion of the policy's cash surrender value, which the court applied both to discretionary costs assessed against Husband and to the marital estate judgment awarded to Wife. The trial court determined that the combined fair market value of Special Security Services, Inc. and Special Removal Services was $130,000, or $65,000 each, which the court divided as follows: Husband was awarded both businesses. Husband received a credit of $13,600, representing part of his share of the equity in the marital residence and reducing Wife's share in the value of the businesses to the judgment amount of $51,400. The court ordered that Husband pay the judgment in increments of $500, bearing simple annual interest of 6%. The trial court found that Wife was not entitled to periodic alimony. Wife was awarded $7,500 in attorney fees, and costs were taxed to Husband. Wife appeals the trial court's decision.

## II.

The first issue raised by Wife is whether the trial court erred in allowing the testimony of Husband's business valuation expert, Gerald LeCroy, when Mr. LeCroy's name was not on Husband's witness list as required by Rule 22 of the Davidson County Local Rules of Court. Rule 22 states in pertinent part:

> Section 22.01 Required Procedure
>
> At least 72 hours (excluding weekends and holidays) before the trial of the civil case, opposing counsel shall either meet face-to-face or shall hold a telephone conference for the following purposes: (a) to exchange names of witnesses, including anticipated impeachment or rebuttal witnesses . . ..

Although the trial judge initially stated that counsel could only call witnesses on the Rule 22 list, Mr. LeCroy was permitted to testify over the objection of Wife's counsel.

In Airline Construction, Inc. v. Barr, 807 S.W.2d 247 (Tenn. App. 1990), the court,

3

referring to its authority to permit testimony when a witnesses' name is not revealed during discovery, stated:

> [The trial judge may] permit the witness to testify, or it may exclude the testimony, or it may grant a continuance so that the other side may take the deposition of the witness or otherwise prepare to meet the testimony. . ... However, when such omission is willful, knowing or deliberate, an exclusion of the witnesses' testimony *is suggested (e*mphasis supplied).

In the present case, there is no evidence that Husband's counsel deliberately withheld Mr. LeCroy's name from Wife's counsel. Furthermore, the record reveals that the trial judge considered counsel's explanation for not disclosing Mr. LeCroy's name sooner and determined that his testimony was too important to be excluded. We find no error in the trial court's allowance of Mr. LeCroy's testimony.

The second issue Wife presents is whether the trial court assigned a proper value to the business interests of the parties. Two experts testified in this case as to the value of both Special Security Services, Inc. and Special Removal Services. Although both experts relied on the valuation guidelines set forth in Blasingame v. American Materials, Inc., 654 S.W.2d 659 (Tenn. 1983), Wife's expert, Mr. Von Harshman, valued the businesses at between $235,000 and $255,000, while Mr. LeCroy, Husband's expert, valued the businesses at $120,000. The parties do not dispute that both businesses were marital assets.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

It is well established that the valuation of an asset is a question of fact, and on appeal there is a presumption that the trial court's valuation is correct. Wallace v. Wallace, 733 S.W.2d 102, 107 (Tenn. App. 1987); Edwards v. Edwards, 501 S.W.2d 283, 288 (Tenn. App. 1973). The trial court may properly make a valuation that is within the range of proof submitted. Wallace, 733 S.W.2d at 107. In the present case, the trial judge

4

determined that the value of the businesses was $130,000. After reviewing the testimony of both experts, we cannot say that the evidence preponderates against the findings of the trial judge. See Hardin v. Hardin, 689 S.W.2d 152, 154 (Tenn. App. 1983). Therefore, we affirm the trial court's decision regarding the value of the parties' businesses.

Wife's third and fourth issues on appeal concern specific provisions within the trial court's division of marital property. Wife argues the following: she should have received a lump sum payment, rather than installments, representing her share of the parties' businesses; the interest on the judgment should be 10%, rather than 6%; and that a judgment lien should have been entered to secure Wife's judgment.

It is a fundamental principle of law that trial courts have broad discretion in dividing the marital estate, and their decisions are afforded great weight on appeal. Fisher v. Fisher, 648 S.W.2d 244, 245 (1983). This Court will presume that the findings of the trial court are correct unless the evidence preponderates otherwise. Barnhill v. Barnhill, 826 S.W.2d 443, 459 (Tenn. App. 1991). In making a division of marital property, the trial court is required to consider the factors set forth in T.C.A.§ 36-4-121(c) (1991).

The trial court did not err in allowing Husband to pay the $51,400 judgment awarded Wife in monthly increments of $500. The record reveals that the parties' businesses were cash poor and had few assets. Requiring Husband to pay Wife a lump sum of $51,400 would likely have depleted the businesses' assets. However, after reviewing T.C.A. § 47-14-121 (1988), we are convinced that the trial court erred in fixing an annual interest rate of 6% on the judgment. The interest rate to be applied to judgments, including decrees, is 10% per year. See also Inman v. Inman, 840 S.W.2d 927, 931 (Tenn. App. 1992). In Bedwell v. Bedwell, 774 S.W.2d 953, 956 (Tenn. App. 1989), the court stated: "[t]he language [in T.C.A. § 47-14-121] is mandatory and it is generally held the rate of interest prescribed by statute is deemed controlling and is not subject to reduction by reason of equitable considerations." Based on the foregoing, we hereby modify the trial court's final decree consistent with T.C.A. § 47-14-121.

5

Wife contends that this Court should place a lien on Husband's property to secure the $51,400 judgment awarded to Wife. It is unclear why the trial court did not secure Wife's judgment with a lien, and Wife's counsel makes no suggestion as to what property this Court should encumber for security. Because the trial court awarded Wife substantially all of the parties' real property, and because the remedies set forth in T.C.A. § 25-5-101 (1994) remain available to Wife, we decline to modify the trial court's decree by ordering that a judgment lien be placed on Husband's property.

Wife's fifth issue on appeal is whether Wife is entitled to periodic alimony. In Hall v. Hall, 772 S.W.2d 432, 440-41 (Tenn. App. 1989), the court stated that "[t]he amount of alimony to be allowed in any case is a matter for the discretion of the trial court in view of the particular circumstances, and appellate courts are disinclined to review that discretion except where its use is clearly erroneous" (citing Ingram v. Ingram, 721 S.W.2d 262 (Tenn. App. 1986)). In Loyd v. Loyd, 860 S.W.2d 409, 412 (Tenn. App. 1993), the court stated "[t]he trial court's decision [regarding alimony awards] is factually driven and requires a balancing of the factors listed in T.C.A. § 36-5-101(d) . . ..Of these factors, need and the ability to pay are the most critical" (citations omitted). In the instant case, the trial court denied Wife periodic alimony based on the fact that Wife was forty-five years old, gainfully employed, and earning approximately the same income as Husband. The lower court also found that its alimony *in solido* award to Wife offset Wife's need for periodic alimony. After reviewing the factors set forth in T.C.A. § 36-5-101, we conclude that the trial court did not abuse its discretion in declining to award Wife periodic alimony.

Wife's sixth issue on appeal is whether Wife should be awarded her attorney's fees and costs, both below and on appeal. Although this case does not involve a large marital estate, Wife has incurred in excess of $15,000 in attorney's fees, of which the trial court ordered Husband to pay $7,500. Additionally, the discretionary costs and expenses in this matter are $5,268.44, which the lower court ordered Husband to pay.

This Court stated in Houghland v. Houghland, 844 S.W.2d 619, 623 (Tenn.

6

App.1992) that

> [t]he decision to award attorney's fees to a party in a divorce proceeding and the amount thereof, are largely within the trial court's discretion and will not be disturbed upon appeal unless the evidence preponderates against such a decision. <u>Batson v. Batson</u>, 769 S.W.2d 849, 862 (Tenn. App. 1988); <u>Lyon v. Lyon</u>, 765 S.W.2d 759, 762-63 (Tenn. App. 1988) . . .. In <u>Baggett v. Baggett</u>, 512 S.W.2d 292, 294 (Tenn. App. 1973), this Court held that an award of attorney's fees was inappropriate where both parties are partially successfully [sic] on appeal.

We do not find that the evidence preponderates against the trial judge's award of either attorney's fees or costs. Accordingly, we decline to grant Wife an additional award.

The seventh and final issue Wife presents for this Court's review is whether the *nunc pro tunc* order should be set aside. This cause initially came to be heard on May 16, 1994. On that date, the trial court granted the parties a divorce based on Husband's admission of adultery, reserving consideration of alimony and division of marital property until a later date. The trial court asked Wife's counsel to draw up an order granting the parties a divorce as of May 16, 1994. For reasons that are unclear to us, Wife's counsel failed to enter an order. When the court reconvened on July 13, 1994, it entered an order *nunc pro tunc* granting Wife a divorce effective May 16, 1994.

The purpose of an order *nunc pro tunc* is to make effective now what should have been done earlier, giving full force and effect to the thing, as if done at the earlier date. <u>See</u> Blacks's Law Dictionary 1069 (6th ed. 1990). In the present case, the trial court granted the parties an absolute divorce on May 16, 1994. Wife's counsel offers no reason for her failure to promptly enter the order of divorce as the trial court requested, and we find no merit in counsel's argument that the *nunc pro tunc* order violates the interests of justice. Accordingly, we decline to set the order aside.

Based on the foregoing, the decision of the trial court is affirmed as modified. Costs on appeal are taxed to both parties equally.

7

_____
HIGHERS, J.

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
TOMLIN, SP. J.

8