IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 23, 2002 Session

## LEO CLIFFORD DAVIS, JR. v. ANGELA DAVIS

**Direct Appeal from the Chancery Court for Madison County**
**No. 56866; The Honorable Joe C. Morris, Chancellor**

------------

**No. W2001-01748-COA-R3-CV - Filed October 16, 2002**

------------

This appeal arises from a divorce proceeding initiated by the husband. The trial court, holding that husband had engaged in inappropriate marital conduct, granted the divorce to the wife. The trial court valued and classified much of the parties' property with limited proof. The court further awarded wife attorney's fees and costs. Husband now raises several issues for our review. For the foregoing reasons, we affirm in part, reverse in part, and remand this case for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

James F. Butler, J. Brandon McWherter, Jackson, TN, for Appellant

Linda Sesson Taylor, Jackson TN, for Appellee

**OPINION**

**Facts and Procedural History**

Leo Clifford Davis (Husband) and Angela Laure Davis (Wife) were married on June 10, 1995 in Madison County, Tennessee. On December 29, 1999, after approximately four and a half years of marriage and the birth of one child, Husband filed for divorce from Wife. As grounds for the divorce, Husband alleged that Wife had engaged in inappropriate marital conduct and that irreconcilable differences existed between the parties. Wife soon filed an answer as well as a counter-complaint, in which she denied Husband's allegations and alleged that Husband had engaged in inappropriate marital conduct.

On January 31, 2000, the court entered an order *pendente lite*. This order granted temporary custody of the parties' minor child to Wife and ordered Husband to pay $735.00 per month in child support and alimony. Following the entry of this order as well as reciprocal temporary restraining orders, the court issued a garnishment on Husband's wages due to his failure to pay the temporary support ordered.

On November 7, 2000, both Husband and Wife made filings with the court. Husband filed a "Stipulation and Statement" and a "Financial Statement." These two filings listed all of the parties' personal and marital assets along with corresponding values and disclosed Husband's alleged income and expenses. Similarly, Wife filed a "Settlement Proposal" that also disclosed the parties' assets and their respective values.

On the same day, the court heard arguments concerning Husband's visitation rights. The dispute stemmed from charges brought against Husband for the aggravated sexual battery of the parties' minor child. As a result of these proceedings, Husband's visitation rights were temporarily terminated until the charges were resolved. At such time, Husband could petition the court for reinstatement of his visitation privileges.

A trial was held on March 5, 2001 at which evidence was offered as to the parties' relative fault, the value of marital property and debts, and the parties' income. As a result of the trial, the court was able to issue its findings on May 9, 2000. Relevant to this case, the court found that Wife was entitled to the divorce on the grounds of Husband's inappropriate marital conduct. Further, the court found that Husband's and Wife's incomes in 1999 were $30,488.16 and $6,325.00 respectively. For the year 2000, the court found that Husband's and Wife's incomes would be $33,000.00 and $17,000 respectively.

With regard to the parties' real property, the court found two tracts of land and a trailer located on the larger of the tracts to be marital property. The court valued the property at $72,000.00 and concluded that $19,500.00 of equity existed in the property due to $54,000.00 of outstanding mortgages. The court determined that the property should be awarded to Husband along with the mortgage obligations, but that Husband should pay $9,750.00, half of the equity, to Wife.

With regard to personalty, the court found that Husband should be granted $40,800.00 of separate property. Wife was granted an automobile that had no equity due to an outstanding loan. With regard to the division of marital property other than the realty, the court found that Wife should be awarded property valued at $1375.00 plus various furniture as well as one-half of husband's 401(k) and pension plans and one-half of a CD held by Husband. In total, by our calculations, the court concluded that Wife was entitled to approximately $16,165.00 of marital property. Husband, again, by our calculations, was granted approximately $18,490.00 in marital property. With regard to marital debt, the court found that Husband and Wife should pay $58,995.00[1] and $16,250.00 respectively.

---

[1] This amount includes $54,000.00 in mortgages on the property awarded to Husband.

On June 16, a final decree of divorce was entered in accordance with the court's findings. The decree granted Wife the divorce based on Husband's inappropriate conduct, divided the property and debts as shown above, and ordered Husband to pay $105.00 per week to Wife for child support. Husband was also ordered to pay $7,573.00 to Wife in attorney's fees and other related costs. A portion of the fees, totaling $3,848.00, was specifically for the attorney's fees and costs Wife incurred for overturning a temporary order of custody sought by Husband, securing the support Husband refused to pay, terminating Husband's visitation, and an order of protection and petition for contempt filed by Wife. Husband filed a timely notice of appeal and now raises several issues for our review.

**Issues**

I.      Whether the trial court acted contrary to the preponderance of the evidence in determining the value of various property owned by the parties, the level of the parties' indebtedness, and the parties' incomes;

II.     Whether the trial court erred by considering evidence not introduced at trial;

III.    Whether the trial court erred in ordering Husband to pay $54,000 for the parties' two mortgages;

IV.    Whether the trial court erred by awarding Wife a portion of Husband's certificates of deposit; and

V.     Whether the trial court erred by awarding Wife attorney's fees and costs.

**Law and Analysis**

Husband's first four issues concern the court's classification, valuation, and division of property between the parties. When faced with the obligation to divide the assets of divorcing parties, courts must first classify each asset as either marital or separate property. Dunlap v. Dunlap, 996 S.W.2d 803, 814- 815 (Tenn. Ct. App. 1998) (citing Cutsinger v. Cutsinger, 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995)). When classifying the property, courts must look to section 36-4-121(b) of the Tennessee Code. Section 36-4-121(b) provides in pertinent part:

(1) (A) "Marital property" means any real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage . . . .

(B) "Marital property" includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation, and the value of vested and unvested pension, vested and unvested stock option rights, retirement or other fringe benefit rights relating to employment that accrued during the period of the marriage.

. . . .

(D) As used in this subsection, "substantial contribution" may include, but not be limited to, the direct or indirect contribution of a spouse as a homemaker; wage earner; parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine . . . .

. . . .

(2) "Separate property" means:

(A) All real and personal property owned by a spouse before marriage;

(B) Property acquired in exchange for property acquired before the marriage;

(C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1);

(D) Property acquired by a spouse at any time by gift, bequest, devise or descent . . . .

TENN. CODE ANN. § 36-4-121(b) (2001).

After characterizing the parties' assets as either marital or separate property, the trial court must give parties their separate property and make an equitable division of marital assets. See Batson v. Batson, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). An equitable division of property does not necessarily mean an equal division. See Bookout v. Bookout, 954 S.W.2d 730, 732 (Tenn. Ct. App. 1997); Batson, 769 S.W.2d at 859. "The division of the estate is not rendered inequitable simply because it is not mathematically equal, or because each party did not receive a share of every item of marital property." King v. King, 986 S.W.2d 216, 219 (Tenn. Ct. App. 1998) (citing Cohen v. Cohen, 937 S.W.2d 823, 832 (Tenn. 1996); Ellis v. Ellis, 748 S.W.2d 424, 427 (Tenn. 1988); Brown v. Brown, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994)).

The trial court's classification, valuation, and division of marital property enjoys a presumption of correctness on appeal and will be reversed or modified only if the evidence preponderates against the trial court's decision. See Lancaster v. Lancaster, 671 S.W.2d 501, 502 (Tenn. Ct. App. 1984); Hardin v. Hardin, 689 S.W.2d 152, 154 (Tenn. Ct. App. 1983). "The trial court is granted broad discretion in adjusting and adjudicating the parties' interest in all jointly owned property. Its decision regarding division of the marital property is entitled to great weight on appeal." Watters v. Watters, 959 S.W.2d 585, 590 (Tenn. Ct. App. 1997) (citing Batson, 769 S.W.2d at 859). The fairness of the property division is judged upon its final results. See Wade v. Wade, 897 S.W.2d 702, 717 (Tenn. Ct. App. 1994) (citing Thompson v. Thompson, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990)).

In the case *sub judice*, Husband first contends that the trial court erred in assigning values to various assets of the parties. Husband supports this assertion by arguing that the evidence fails to support such findings. The items of personalty which Husband alleges were improperly valued include the following: firearms, a lawnmower, two trucks, two four-wheelers, two boats, seven deer heads, and Husband's 401(k) and pension plan. We agree with Husband. From our review of the

record, with regard to these items, the court either assigned values without sufficient evidence or assigned values outside of the range of the actual evidence offered.

Husband further asserts that the court improperly valued the equity in the parties' real property. Specifically, Husband argues that the court erred in valuing the mortgages on the property at $54,000.00. We agree. At trial, Husband testified that the total indebtedness on the property was $62,000.00. In response, Wife testified that the combined indebtedness was approximately $56,000.00. Accordingly, the value assigned by the trial court is outside the appropriate range and, thus, is not supported by a preponderance of the evidence.

Finally, Husband maintains that the trial court erred in determining the relative earnings of the parties for the years 1999 and 2000. We agree with Husband with respect to the parties' 1999 earnings. The W2's of Wife admitted into evidence plainly show that she earned more than the court found and that the court's finding was contrary to the preponderance of the evidence.

With regard to the classification of the parties' property, Husband asserts that the trial court erroneously classified two items. First, Husband argues that a truck, which the court found to be his separate property, was his father's. Husband points to his testimony at trial in which he indicated that the truck was owned by his father and that he merely drove it sometimes. From our review of the record, no evidence was offered by Wife in opposition to this testimony. Although Wife asserted that Husband's testimony was not entirely reliable, there was no additional proof before the court upon which to act. Thus, we hold that the courts finding was contrary to the preponderance of the evidence in determining that the truck was Husband's separate property.

Second, Husband asserts that the court improperly classified a certificate of deposit allegedly given to him by his grandmother as marital property. Again, no evidence was offered to refute Husband's claim that the CD was a gift. Had any evidence been provided by Wife to the contrary, the result might be different. However, with Husband's testimony being the only evidence offered, we hold that the evidence preponderated against the finding that the CD was marital property. We take note of the fact that Husband's marital fault cannot be taken into account in classifying and dividing the parties' property. See TENN. CODE ANN. § 36-4-121(a)(1) (2001).

Finally, Husband's last argument with respect to the classification and division of the assets and liabilities concerns the allocation of two debts to Husband. First, Husband argues that the court had no evidence upon which to support the requirement that he pay $1,000.00 to Jackson Madison General Hospital. From our review of the record, we agree with Husband that no evidence was offered with respect to this debt.

Next, Husband argues that the court erred in ordering him to pay $733.00 of debt owed to the Women's Clinic. We disagree with husband's assertion as to this debt. Although Husband testified that Wife accrued this debt prior to the marriage, Wife testified to the contrary and offered further proof in the form of an exhibit. Accordingly, we hold that this portion of the ruling was not contrary to the preponderance of the evidence.

In sum, because this Court has reversed several findings made by the trial court with respect to the property valuations and classifications, we remand this case to the trial court so that further proof can be offered and a redetermination can be made.

In his fifth issue, Husband asserts that the trial court erred in awarding costs and attorney's fees to Wife. Tennessee Rule of Civil Procedure 54.04 authorizes trial courts to award certain discretionary costs incurred in a proceeding to the prevailing party. TENN. R. CIV. P. 54.04. When awarding discretionary costs, as the name denotes, judges are given broad discretion and their decisions will not be overturned on appeal unless the challenging party can clearly demonstrate an abuse of discretion. See Placencia v. Placencia, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999) (citing Perdue v. Green Branch Mining Co., 837 S.W.2d 56, 60 (Tenn. 1992)). We recently stated in Milliken v. Crye-Leike Realtors, No. M1999-00071-COA-R3-CV, 2001 Tenn. App. LEXIS 472 (Tenn. Ct. App. July 5, 2001) the following with regard to discretionary costs:

> Generally, trial courts award such [discretionary] costs to whichever party ultimately prevails in the lawsuit, provided the prevailing party has filed a timely, properly supported motion. The successful party is not, however, automatically entitled to an award of costs. Instead, trial courts are free to apportion costs between the litigants as the equities of each case demand. Accordingly, if any equitable basis appears in the record which will support the trial court's apportionment of costs, this court must affirm. Moreover, on appeal, the appellant bears the burden of showing that the trial court abused its discretion in its assessment of costs. Sanders v. Gray, 989 S.W.2d at 345 (citations omitted). Milliken, 2001 Tenn. App. LEXIS 472, at *35.

Turning to the case *sub judice*, Husband has failed to show that the trial court abused its discretion in any way by awarding certain costs to Wife. Accordingly, we affirm the trial court's decision in this respect.

With regard to the attorney's fees, this court has repeatedly held that an award for attorney's fees in a divorce case is treated as spousal support and should be characterized as alimony *in solido*. Wild v. Wild, 66 S.W.3d 892, 894 (Tenn. Ct. App. 2001) (citing Sannella v. Sannella, 993 S.W.2d 73, 76 (Tenn. Ct. App. 1999); Smith v. Smith, 984 S.W.2d 606 (Tenn. Ct. App. 1997); Anderton v. Anderton, 988 S.W.2d 675, 682 (Tenn. Ct. App. 1988); Gilliam v. Gilliam, 776 S.W.2d 81 (Tenn. Ct. App. 1988)). With attorney's fees being a form of alimony, courts must balance the factors given in section 36-5-101(d)(1) of the Tennessee Code in determining a proper award. Because this Court has reversed a portion of the lower court's ruling, we are unable properly to analyze this issue. Upon remand, the lower court should weigh again the factors given by statute in accordance with its new findings.

As a final matter, Husband has requested that this Court order Wife to pay his attorney's fees incurred for this appeal. Our supreme court has defined the factors that should be applied when considering a request for attorney's fees incurred on appeal. These factors include the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factors that need be considered. Folk v. Folk, 357 S.W.2d 828, 829 (Tenn. 1962). This Court has also held, however, that "where both parties are partially successful on appeal," attorney's fees associated with that appeal should not be granted. Baggett v. Baggett, 512 S.W.2d 292, 294 (Tenn. Ct. App. 1973) (citing 27-B C.J.S. *Divorce* § 203, p. 882, n.71.10); see also Hunt v. Hunt, No. M1997-00221-COA-R3-CV, 2000 Tenn. App. LEXIS 488, at *15-16 (Tenn. Ct. App. July 27,

2000); <u>Young v. Young</u>, 971 S.W.2d 386, 393 (Tenn. Ct. App. 1997). Accordingly, because both parties have been partially successful and because of the equitable circumstances of this case, we decline to award Husband the attorney's fees incurred for this appeal.

**Conclusion**

Based on the foregoing conclusions, we hereby affirm in part and reverse in part the decision of the trial court. In addition, we remand this case for further proceedings consistent with this opinion. Costs on appeal are assessed against the appellant, Leo Clifford Davis, along with his surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE