**Bowdoin Grayson SMITH,
Plaintiff–Appellee,**

v.

**Ginger Lee Marenchin SMITH,
Defendant–Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 27, 1997.

Permission to Appeal Dismissed
Jan. 4, 1999.

Mike W. Binkley, Nashville, for Plaintiff–Appellee.

John J. Hollins, Hollins, Wagster & Yarbrough, P.C., Nashville, for Defendant–Appellant.

## *OPINION*

FRANKS, J.

In this divorce action, the wife contends the Trial Judge did not follow the guidelines in awarding child support, and the husband contends that the Court erred in the division of marital assets, and in the award of alimony and attorney's fees to the wife.

The parties were married in 1982 when they were both beginning medical school. At the time the husband filed for divorce, the parties had four children, ages 5, 3, 1 years and two weeks old. Since the birth of the parties' first child, the husband has provided the great majority of the family income. The record shows incomes ranging in 1992 of over $291,000 to 1995 in the amount of $721,000. The substantial increase in 1995 income was due to the husband's contract to provide emergency room services, in addition to his work at the parties' private partnership practice.

The Trial Court ordered the husband to pay wife child support of $3,154.00 per month. This award was based upon the court's use of a table which showed that for a gross income of $9,900.00, the net income would be $6,856.75, and 46% of that net would be $3,154.00. An additional $500.00 per month, per child to the age of 18, was to be set aside in a trust to be used for college or emergency medical expenses. He was also ordered to maintain medical insurance for the children, pay their medical expenses not covered by insurance, and provide a seven hundred and fifty thousand dollar life insurance policy.

■ The wife insists that the Trial Court erred in the setting of child support payments. The child support guidelines were promulgated by the Tennessee Department of Human Services, pursuant to § 36–5–101(e)(2), and have force of law. *Nash v. Mulle,* 846 S.W.2d 803, 804 (Tenn.1993). A trial court has authority to deviate from the Guidelines but only if an appropriate reason for doing so is expressly stated on the record. T.C.A. § 36–5–101(e)(1)[1] *Jahn v. Jahn,* 932 S.W.2d 939, 943 (Tenn.App.1996).

The guidelines set out how income is to be determined. Tenn.Comp.R. & Regs. Ch. 1240–2–4–.03(3), (4). After net income is determined:

> [t]hat amount is to be rounded up to the next dollar. That amount is then multiplied by the percentage below that corresponds to the number of children for whom support is being set in the instant case. The percentages are:
>
> | No. of children | 1 | 2 | 3 | 4 | 5 or more |
> |---|---|---|---|---|---|
> | % of children | 21% | 32% | 41% | 46% | 50% |
>
> After this calculation is made, if there are no changes to be made pursuant to paragraph 1240–2–4–.04 below, then this is the amount of the child support award.

Tenn.Comp.R. & Regs. Ch. 1240–2–4–.03(5).

Tenn.Comp.R. & Regs. Ch. 1240–2–4–.04 sets forth "Criteria for Deviation from Guidelines" and contains a provision relevant here:

> The court must order child support based upon the appropriate percentage of all net income of the obligor as defined according to 1240–2–4–.03 of this rule but alternative payment arrangements may be made for the award from that portion of net income which exceeds $6,250. When the net income of the obligor exceeds $6,250 per month, the court may establish educational or other trust funds for the benefit of the child(ren) or make other provisions in the child(ren)'s best interest; however, all of

the support award amount based on net income up through $6,250 must be paid to the custodial parent.

Tenn.Comp.R. & Regs. Ch. 1240–2–4–.04(3).

■ Wife argues that the court erred in not giving her child support that equals the full 46% of husband's total net income. She calculates this percentage to be $18,252.00 per month.

Husband argues that any child support over the 46% of a net income of $6,250.00 is within the judge's discretion to give or not to give to the children. He bases this argument on *Nash,* 846 S.W.2d 803, which stated:

> [t]he trial court should retain the discretion to determine—as the Guidelines provide, "on a case-by-case basis"—the appropriate amount of child support to be paid when an obligor's net income exceeds $6,250.00 per month, balancing both the child's needs and the parent's means.
>
> The guidelines very latitude reflects this need for an exercise of discretion. Twenty-one percent of an enormous monthly income may provide far more money than most reasonable, wealthy parents would allot for the support of one child. However, it would also be unfair to require a custodial parent to prove a specific need before the court will increase an award beyond $1,312.00 . . . Until the guidelines more specifically address support awards for the children of high-income parents, we are content to rely on the judgment of the trial courts within the bounds provided by those guidelines.

*Nash* at 806.

However, *Nash* was interpreting 1989 guidelines which stated:

> Guidelines are inappropriate in cases including but not limited to the following:

---

**1.** This enabling legislation provides:

> In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines

would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines. T.C.A. § 36–5–101(e).

(a) in cases where the net income of the obligor as calculated in the above rule exceeds $6,250.00 per month.

■ We hold that the present guidelines do not give the Trial Court discretion to award less than the percentage of all net income, unless very specific reasons are given by that Court. The 1994 amendments no longer categorize cases where the net income of the obligor exceeds $6,250.00 per month as "inappropriate" for following the percentage guidelines. Instead, they clearly state that support be calculated "based upon the appropriate percentage of *all* net income of the obligor." Tenn.Comp.R. & Regs.Ch. 1240–2–4–.04 (emphasis added). The only way in which cases where income exceeds $6,250.00 are treated differently is that the support exceeding this category may be put in a trust fund or other fund in the child's interest, instead of going directly to the custodial parent. Tenn.Comp.R. & Regs. Ch. 1240–2–4–.04(3). This change in the rules appears to have addressed the *Nash* Court's concern that the custodial parent could receive a windfall to access for personal use. Indeed, the Supreme Court in a post-*Nash* decision has indicated that there are very limited circumstances in which a downward deviation from the guidelines would be appropriate. See *Jones v. Jones,* 930 S.W.2d 541, 545 (Tenn.1996).[2]

In this case, the percentage awarded by the Trial Court, when combined with the $2,000.00 per month trust set aside, the medical insurance, and life insurance does not approach 46% of husband's recent incomes.

On this issue, the case will be remanded for the Trial Court's determination as to the father's actual net income and corresponding child support award. If the Court assesses less than a 46% rate against all net income, it must state its reason for deviating from the guidelines within the constraints of *Jones.*

■ The husband argues that the Trial Court erred in the division of marital assets. Essentially, the Trial Judge awarded marital assets to the value of $470,051.00 to the wife, and marital assets to the value of $327,726.00 to the husband.

■ The Trial Judge is accorded wide discretion in dividing the parties' marital property. *Barnhill v. Barnhill,* 826 S.W.2d 443, 449–50 (Tenn.App.1991). The distribution need not be equal to be equitable. *Thompson v. Thompson,* 797 S.W.2d 599 (Tenn.App. 1990). The values ascribed to their assets, when combined with the uncertain value of the Keogh stock and credible testimony that the value of the medical practice was far greater so long as husband remained associated with it, demonstrate that the trial court's division of the marital property was equitable.

■ The husband also takes issue with the award of certain alimony to the wife. The Trial Judge awarded alimony to the wife in the amount of $2,000.00 per month for five years, (i.e. until the youngest child starts school), followed by $1,000.00 per month for the next thirteen years, (i.e., until the youngest child graduates from high school). Alimony *in solido* was awarded to the wife in the form of payments by the husband for half the $309,965.00 mortgage on the residence. The husband's takes issue only with the *non-in solido* alimony.

■ The Trial Court has broad discretion in determining whether to award alimony. *Loyd v. Loyd,* 860 S.W.2d 409 (Tenn. App.1993). T.C.A. § 36–5–101 sets forth the factors to be considered by the trial court in

2. Relevant portions of *Jones* read:
While § 36–5–101(e) does authorize deviation in order the ensure equity between the parties, and while downward deviation is clearly not prohibited, the trial court's authority to do so must be considered in light of the provisions dealing with such deviation—Rule 1240–2–4–.04(2) and (4). Although not exclusive, these subsections provide for downward deviation in three instances: (1) where DHS has taken custody of the child(ren) pursuant to a neglect, dependency, or abuse action; (2) where the child(ren) spend more visita-

tion time with the obligor than is assumed by the guidelines; and (3) in cases in which the obligor is subjected to an "extreme economic hardship," such as where other children living with the obligor have extraordinary needs ... (a)lthough the rule does not purport to set forth an exhaustive list of instances in which downward deviation is allowed, these specific instances nevertheless are a powerful indication as to the *types* of situations in which it is contemplated under the guidelines.
*Jones* at 545. (emphasis in original).

awarding alimony. The real need of the spouse seeking the support is the single most important factor. *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn.App.1989). Long-term support and maintenance is appropriate only where there is relative economic disadvantage and rehabilitation of the disadvantaged party is not feasible. *Self v. Self*, 861 S.W.2d 360 (Tenn.1993).

Here, there is not a great disparity in the parties' earning capacity and education. While wife has stayed at home in recent years, she is still young and healthy and testimony indicates that she remains capable of generating substantial income as a physician. The most compelling factor weighing in wife's favor is the need to care for the young children. T.C.A. § 36-5-101(d)(1)(F). In light of wife's earning capacity, education, and the property division in this case, alimony is appropriate only up to the youngest child's entry into school and the decree will be modified to elide the provision for $1,000.00 a month alimony until the youngest child graduates from high school. *See generally Barnhill v. Barnhill*, 826 S.W.2d 443 (Tenn.App.1991).

Finally, the husband contends it was error to award the wife her attorney's fees. The allowance of attorney's fees is largely within the discretion of the trial court, and we will not interfere except upon a clear showing of abuse of that discretion. *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. App.1992). Such awards are appropriate when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses or would be required to deplete his or her resources in order to pay these expenses. *Brown v. Brown*, 913 S.W.2d 163 (Tenn.App.1994). We find no abuse by the Trial Court, where wife was left with limited financial support and the need to hire an attorney only days after giving birth to a child. *See Storey*.

The wife also requests that her attorney's fees for the appeal be awarded in accordance with T.C.A. § 36-5-103(c). While this statute provides for attorney's fees for enforcing child support, this case has similarities to the situations found in *Baggett v. Baggett*, 512 S.W.2d 292 (Tenn.App.1973),

and *Houghland v. Houghland*, 844 S.W.2d 619 (Tenn.App.1992), where the Courts held an award of attorney's fees was inappropriate as both parties were partially successful on appeal. Accordingly, each party will bear their legal expenses incurred on appeal.

The cost of the appeal in our discretion is taxed to the husband, and the cause remanded for further proceedings consistent with this opinion.

GODDARD, P.J. and McMURRAY, J., concur.