IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

June 3, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

PEGGY ANN BOUCHILLON                ) C/A NO. 03A01-9804-CH-00144
BRASFIELD,                          )
                                    ) SULLIVAN CHANCERY
        Plaintiff-Appellant,        )
                                    ) HON. JERRY BECK,
v.                                  ) CHANCELLOR
                                    )
JIMMY CARROLL BRASFIELD,            ) MODIFIED
                                    ) AND
        Defendant-Appellee.         ) REMANDED


JOHN D. LOCKRIDGE and SCARLETT A. BEATY, LOCKRIDGE, VALONE & BEATY, PLLC, Knoxville, for Plaintiff-Appellant.

THOMAS C. JESSEE, JESSEE & JESSEE, Johnson City, for Defendant-Appellee.


**O P I N I O N**


Franks, J.


This is an appeal from a reduction in ordered child support.

Peggy Anne Brasfield and Jimmy Carroll Brasfield were divorced on June 16, 1992. They were awarded joint custody of the three minor children, with Ms. Brasfield receiving physical custody of the two younger sons, Hunter and Tyler, and Dr. Brasfield receiving physical custody of the older son, Spencer, who was sixteen years old at the time of the divorce. Dr. Brasfield was awarded liberal visitation with Hunter and Tyler.

Dr. Brasfield was ordered to pay $2,500.00 a month in child support for

the support of the two younger children, which the Court said was based on the appropriate child support guidelines. Ms. Brasfield was not required to make child support payments for Spencer, because the court took that factor into account in setting child support to Ms. Brasfield. Dr. Brasfield was also ordered to pay all of the college education expenses for the three children.

On May 27, 1994, Ms. Brasfield filed a Petition for an Increase in Child Support, alleging a material change in circumstances because of increased expenses of rearing middle school aged children and because she no longer had the legal obligation to support Spencer, who was no longer a minor. The parties entered into an Agreed Order on September 21, 1994, which set the child support at $3,000.00 per month, which the order recited was ". . . in keeping with the child support guidelines."

On January 27, 1998, Dr. Brasfield filed pleadings with the Court asking that the Court suspend his child support obligation, due to the children's enrollment in a boarding school. Ms. Brasfield responded by requesting an increase in child support and a judgment for arrearage. She conceded the children were enrolled in a boarding school for the 1997-98 school year, but asserted that she had to maintain a home for them and contribute to their support, and that there was a significant variance between the guideline amount and the current support being paid by Dr. Brasfield.

Dr. Brasfield is a neurosurgeon whose taxable income for 1996 was $749,428.00. At trial, the parties stipulated that the husband's net income after taxes for 1997 was $37,905.00 per month. Ms. Brasfield is the Choral Music Director at Sevier County High School, where she earned a net monthly income of $2,315.00 in 1997. At the time of trial in March of 1998, the parties' children were aged 16 and 14, and the children have enjoyed a lavish lifestyle with both parents providing expensive clothing, meals, and vacations.

Ms. Brasfield testified that she provides the gas and insurance for her

2

car that Tyler drives, and that she has hotel and travel expenses and purchases their food when she goes to Baylor School in Chattanooga to visit with the children, and other travel expenses when she picks up the children to go home on weekends during the school year. She testified that the expenses relating to having the children in her home have not decreased since they began attending Baylor. While the children board at Baylor during the school year, their primary residence is still with her, and the children live with her during the entire summer. She further testified that expenses going to support the children have greatly increased since the last order on child support, where the parties agreed to a sum of $3,000.00 per month.

She testified that, since the divorce, she has incurred expenses in expanding the number of bedrooms in her home and in adding a study room, play room, basement, new windows, roof, and jet ski lifts for the children, and that she used some of the money from the divorce settlement to make the home improvements. She testified that she spends well over 32% of her net income for expenses for the children and that she does not have the funds for motels to spend as many nights in Chattanooga to be with her children while at Baylor, as she would like.

Dr. Brasfield testified that he is spending approximately $44,000.00 a year for the two children's board and tuition to attend the Baylor School, that he provides telephone cards for long distance calls, a spending money allotment for snacks and so forth, while at school, and he also provides an automobile and a gas card. He also incurs travel expenses to visit the children while in school.

The Trial Judge noted that the guidelines are designed to apply to situations "where the children are living primarily with one parent". Rule 12-40-2.01(6). However, the Court purported to follow the guidelines in setting the child support. In *Jones v. Jones,* 930 S.W.2d 541 (Tenn. 1996), Justice Drowata set out how child support is calculated under the guidelines:

> [T]he Court calculates the net income of the parent with whom the children do not primarily live, called the "obligor," and then multiplies that figure by the percentage which corresponds to the number of children for whom support is being set. That amount is then payable to the "obligee," the parent with whom the children primarily live.

p. 543.

Under the guidelines, child support is calculated "based upon the appropriate percentage of all net income of the obligor". *Smith v. Smith*, 984 S.W.2d 606, 609 (Tenn. App. 1997).[1]

While the focus should have been on the reduction of the obligee's expenses, if any, the Trial Judge undertook to calculate the days the children actually spent with the mother, i.e., three months in the summer and forty days for the mother's contact with the children while at Baylor School, and under that calculus, he concluded that there "should be an upward deviation" in the guidelines support for a period of four months, i.e., April, May, June and July. He set the child support for those months at $4,000.00 per month without any consideration given to the mother's ongoing expenses, as testified to at trial, including expenses of maintaining the home and buying clothing and other support items for the children. In sum, he concluded that he was reducing the support below the amounts called for in the guidelines, and gave as the reason the father's spending $44,000.00 a year for the children's attendance at Baylor.

Ms. Brasfield was consulted by the children about attending Baylor,

---

[1]

Tenn. Comp. R. & Reg. Ch. 1240-2-4-.04(3) provides:

(3) The court must consider all net income of the obligor as defined according to 1240-2-4-.03 of this rule. The court must order child support based upon the appropriate percentage to the custodial parent up to a net $10,000 per month of the obligor's income. When the net income of the obligor exceeds $10,000 per month, the court may consider a downward deviation from the guidelines if the obligor demonstrates that the percentage applied to the excess of the net income about $10,000 a month exceeds a reasonable amount of child support based upon the best interest of the child and the circumstance of the parties. The court may require that sums paid above the percentage applied to the net income above $10,000 be placed in an educational or other trust fund for the benefit of the child.

4

apparently after Dr. Brasfield and the children had agreed that they would attend the boarding school. Ms. Brasfield then agreed to their attending Baylor School. Dr. Brasfield voluntarily agreed to pay the additional expense of attending Baylor School. Under the guidelines, such expense is deemed an extraordinary educational expense, and ordinarily would be added to the percentage calculated under the guidelines. Tenn. Comp. R. & Regs. Ch. 12-40-2-4.04(c).

While the children are at boarding school, the Trial Judge observed: "Ms. Brasfield would not be cooking meals, buying groceries, those type of things". However, the expense of maintaining a residence for the children, as testified to by Ms. Brasfield, continues, and while the reduction of cost of groceries, utilities and so forth while the children are at Baylor is not in the record, Ms. Brasfield testified to the significant additional expense of travel, motels and visiting with the children while at school.

The burden was on Dr. Brasfield to establish by a preponderance of the evidence that he was entitled to a reduction in child support. We find he did not carry that burden. *See Jones.* The parties had previously agreed to child support in the amount of $3,000.00 per month, and they agreed that Dr. Brasfield would assume the extraordinary expense of sending the two children to Baylor School, but they did not agree that the ordered child support should be reduced.

Ms. Brasfield, on appeal, seeks continuing child support in the amount of $3,000.00 per month, as the parties had previously agreed, and since Dr. Brasfield has not carried the burden to establish a reduction in that amount, we modify the judgment of the Trial Court and reinstate the prior order of child support in the amount of $3,000.00 per month.

The Trial Judge's Order awarding the wife attorney's fees is affirmed, and upon remand, the Trial Judge will establish a reasonable fee for the wife's attorney for services rendered in the appeal of this action.

5

The cost of the appeal is assessed to the appellee.

\_\_\_\_

_____
Herschel P. Franks, J.


CONCUR:


_____
Houston M. Goddard, P.J.


_____
H. David Cate, Sp.J.