# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## RAVEN VICK CHADWELL v. MARK STUART CHADWELL

**Direct Appeal from the Circuit Court for Sumner County**
**No. 13547C     Jane W. Wheatcraft, Judge, Sitting by Interchange**

---

**No. M1999-00675-COA-R3-CV - Decided May 30, 2000**

---

This is a post-divorce case.  The custodial parent filed a petition seeking to increase support for her minor child.  The trial court denied the petition.  The petitioner appeals, arguing that the trial court erred in failing to set child support in conformity with the Child Support Guidelines and in awarding her former husband his attorney's fees.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

SUSANO, J., delivered the opinion of the court, in which GODDARD, P.J., and SWINEY, J., joined.

John M. Cannon, Goodlettsville, Tennessee, for the appellant, Raven Vick Chadwell.

Brenda Measells Dowdle, Nashville, Tennessee, for the appellee, Mark Stuart Chadwell.

### OPINION

#### I.

We are asked to review the judgment of the trial court denying the petition of Raven Vick Chadwell ("Mother") seeking an increase in child support.  The parties' judgment of absolute divorce was entered on June 15, 1995.  In that judgment, Mother was awarded custody of the parties' two minor children, Dallas Chadwell (DOB: June 2, 1980) and Desiree Chadwell (DOB: June 3, 1983).  The original defendant, Mark Stuart Chadwell ("Father"), was awarded reasonable visitation.  The divorce judgment did not resolve the issues of support and property division.  A *pendente lite* order of support for Mother and the children was continued in effect pending a final determination regarding the remaining issues.  Almost a year later, an agreed order ("the Agreed Order") was entered by the Honorable Thomas Goodall, by which the parties' property was divided and alimony was awarded.  The Agreed Order states, in pertinent part, as follows:

> That [Father] shall pay to [Mother] the following sums at the following times.

Beginning on Friday, April 26, 1996 and continuing for a total period of 104 weeks, the sum of SIX HUNDRED FIFTY DOLLARS ($650.00) per week.

Then for the next 52 weeks, SEVEN HUNDRED DOLLARS ($700.00) per week.

Then for the next 156 weeks, SEVEN HUNDRED FIFTY DOLLARS ($750.00) per week.

After said payments are made, [Father] shall have no further legal responsibility for payments to, or on behalf of, [Mother].

*Said payments shall be deemed as transitional alimony.* Said payments shall be fully deductible by [Father] and fully includible in the income of [Mother] for tax purposes and shall be in lieu of any further property division.

\* \* \*

*[Father] shall not be required to pay any additional sums other than what is expressly set forth in this agreement, for child support during the minority of the minor children of the parties,* or any additional property division, or any other payment whatsoever as a result of the marriage of these parties.

(Emphasis added).

Eight months later, Mother filed a petition to establish child support, asserting that the Agreed Order failed to address this issue. Father answered Mother's petition and also filed a counterclaim seeking custody of both children. A hearing was held on Mother's petition, following which the Honorable Tom E. Gray, sitting by interchange,[1] entered an order directing Father to pay child support of $200 per week. The record does not contain a transcript of this hearing and Chancellor Gray's order does not specify why child support was set at this amount.

A hearing was subsequently held on Father's counterclaim. By order entered September 12, 1997, Chancellor Gray awarded Father custody of the parties' older child and set Father's child support obligation for the younger child at $70 per week. The transcript of this hearing is not in the record before us, and the chancellor did not state in his order the reasons for setting the support at this level.

---

[1]In the interim, Judge Goodall passed away.

Mother filed the subject petition on February 2, 1999. In her petition, she alleges that there has been a substantial and material change of circumstances in that Dallas, who had been in Father's custody, has reached the age of majority and has graduated from high school. Mother sought to have Father's obligation for the support of Desiree set in accordance with the Child Support Guidelines ("the Guidelines"). When Mother filed her petition, Father was paying Mother $820 per week, of which $750 was designated as "transitional alimony" pursuant to the Agreed Order and $70 was for child support.

A hearing was held before the Honorable Jane W. Wheatcraft, sitting by interchange, on July 26, 1999. Judge Wheatcraft found that the parties intended that a portion of the agreed "transitional alimony" would be for the support of the children, although such payments were designated fully as alimony so Father could deduct them for federal income tax purposes. The trial court further found that it would be "grossly inequitable" to require Father to pay any additional child support. Mother was ordered to pay attorney's fees to Father in the amount of $4,533. This appeal followed.

II.

Our review of this non-jury case is *de novo*; however, the record comes to us accompanied by a presumption of correctness that we must honor unless the evidence preponderates against the trial court's findings. Tenn. R. App. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984); *Doles v. Doles*, 848 S.W.2d 656, 661 (Tenn. Ct. App. 1992). No presumption attaches to the lower court's conclusions of law. *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

III.

Child support and alimony are distinct legal obligations. While child support is typically paid to a custodial parent, the payment is clearly intended for the benefit of the parties' minor children. *Rutledge v. Barrett*, 802 S.W.2d 604, 607 (Tenn. 1991). When the child support decree in this case is viewed in a vacuum, it is obvious that it does not conform to the Guidelines -- a fact that the trial court clearly recognized.

Based upon Father's annual gross salary of approximately $62,400, an award of $70 per week constitutes a substantial deviation from the support contemplated under the Guidelines.[2] A trial court must apply the Guidelines as a rebuttable presumption in determining the appropriate amount to be awarded as child support. T.C.A. § 36-5-101(e)(1) (Supp. 1999). A court has limited discretion in deviating downward from the Guidelines, *Jones v. Jones*, 930 S.W.2d 541, 544 (Tenn. 1996), and may do so only if it states in the record an appropriate reason for its decision. *Smith v.*

---

[2]With a gross salary of $62,400 per year, Father would owe $785 per month for the support of one child. *See* Tenn. Comp. R. & Regs. 1240-2-4-.03 and schedule dated February 9, 1999, accompanying the Guidelines.

*Smith,* 984 S.W.2d 606, 608 (Tenn. Ct. App. 1997). The trial court in the instant case stated its justification for deviating from the Guidelines as follows:

> [I]t appears to the Court that the intent of the parties with regard to the agreed order entered on May 1, 1996, was that a portion of the payments would be for child support of the minor children, although the payments were designated by agreement of the parties as transitional alimony in order to enable [Father] to deduct the payments. It further appears to the Court that due to all the circumstances, it would be grossly inequitable for [Father] to pay any additional child support. For all of these reasons,
>
> It is therefore, ORDERED, ADJUDGED, AND DECREED that although based on his present income, child support under the guidelines would be approximately $773.00 per month, the guidelines should not be applied to increase the child support due to [Mother]....

We find that the reason given by the trial court is not sufficient to justify the deviation in this case. *See **Jones,*** 930 S.W.2d at 545 (discussing types of situations in which a downward deviation is contemplated under the Guidelines). Accordingly, we find and hold that the trial court erred in failing to set child support in accordance with the Guidelines. As previously indicated, based upon Father's annual gross salary of $62,400, the child support due under the Guidelines would be $785 per month. *See* Tenn. Comp. R. & Regs. 1240-2-4-.03 and schedule dated February 9, 1999, accompanying the Guidelines. Therefore, we will set Father's child support obligation at this amount, retroactive to July 26, 1999, the date of the most recent hearing below.[3]

IV.

We believe that fairness dictates that Father's "transitional alimony" should be altered, again effective July 26, 1999, to account for our decision to increase Father's child support obligation from $70 per week to $785 per month. Our decision in this regard is prompted by the trial court's finding, supported by the evidence, "that a portion of the [alimony] payments would be for child support." On remand, the trial court is directed to hold a hearing for the purpose of setting Father's "transitional alimony." In doing so, the trial court should attempt to ascertain that portion of the "transitional alimony" that was intended as child support and excise it from the alimony obligation. The new award will also be effective July 26, 1999. After determining the new alimony payment, the trial court should then determine whether there is an arrearage due Mother, for amounts due from

---

[3]Exercising our discretion, we decline to make our judgment retroactive to the date of the filing of the most recent petition to modify. *See **Presson v. Presson,*** C/A No. 03A01-9312-CV-00452, 1994 WL 446894, at *7 (Tenn. Ct. App. E.S., filed August 19, 1994).

and after July 26, 1999, after first giving Father credit for all payments made to Mother since that date.

We recognize that alimony *in solido* is not modifiable. **Day v. Day**, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996); **Brewer v. Brewer**, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993). We do not view our decree in this case as a modification of the *alimony* portion of the "transitional alimony" award. We are merely excising from that award the portion that was intended to serve as child support. On remand, the trial court will not modify the payment schedule agreed to by the parties nor will it change the award in any way except to excise that which is not really alimony. Under the unique circumstances of this case, we find and hold that our approach is the proper one.

## V.

Mother challenges the award to Father of attorney's fees of $4,533. We agree with Mother that since she is entitled to significant relief on her petition, an award of fees to Father is not appropriate. We therefore reverse the award of those fees. We further find that Father is not entitled to an award of his legal expenses on appeal.

## VI.

The judgment of the trial court is reversed. This case is remanded for further proceedings, consistent with this opinion, pursuant to applicable law. Costs on appeal are taxed to the appellee.