IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2000 Session

## ELIZABETH ANN HUNTER CATES v. HERBERT RAY CATES

An Appeal from the Chancery Court for Tipton County
No. 16,861     Martha B. Brasfield, Chancellor

No. W1999-02359-COA-R3-CV - Filed June 25, 2001

This is a divorce dispute. Prior to divorce, the wife left the marital home, taking some of the parties' joint cash savings. On the day of the divorce hearing, the husband stipulated as to his inappropriate marital conduct, and the divorce was granted to the wife on that ground. The wife was awarded approximately 51% of the marital estate, rehabilitative alimony, and attorney's fees. The trial court excluded from its division of marital property the money the wife took when she moved out. The husband appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

J. Thomas Caldwell, Ripley, Tennessee, for the appellant, Herbert Ray Cates.

Mitchell D. Moskovitz and Adam N. Cohen, Memphis, Tennessee, for the appellee, Elizabeth Ann Hunter Cates.

## OPINION

In this divorce case, Herbert Ray Cates ("Husband") and Elizabeth Ann Hunter Cates ("Wife") were married for approximately thirty-three years. During the marriage, the parties accumulated seventy acres of real property, consisting mainly of farmland. Approximately twenty-five acres of this property were acquired as tenants by the entirety through deeds. The remaining forty-five acres were given to Husband as a gift from his mother, but were later transferred to Husband and Wife as tenants by the entirety. The improvements and taxes on all seventy acres were paid for with marital funds.

In February 1998, Wife left the marital residence, taking approximately $12,000 of the parties' joint cash savings with her. Wife subsequently filed for divorce and Husband counter-claimed. On the day of trial, in February 1999, Husband stipulated to his inappropriate marital

conduct and agreed that Wife should be granted a divorce on those grounds. Consequently, the only issues at trial were the division of property, alimony, and attorney's fees.

At the time of divorce, both parties were fifty-one years old. Both parties have a high school education. Wife did not work outside of the home when the parties' children were very young, but helped Husband on the farm. Once the parties' children reached school age, Wife became employed and continued to help Husband on the farm. At the time of the divorce, Husband was employed as a full-time postal employee, and also farmed the seventy acres and earned additional income by selling hay and cattle. Wife was employed as a congressional liaison with the Department of Navy and worked part-time as a sales person at a department store. Wife testified that she took the job at the department store after the parties separated. It is undisputed that Husband had always been the primary breadwinner during the marriage.

Wife testified that she used the $12,000 taken from the parties' joint savings to pay for living and housing expenses incident to her move, attorney's fees, medical and other miscellaneous expenses. During the year between the separation and the divorce hearing, Husband provided no financial support to Wife and closed the parties' checking and credit card accounts. Wife stated that, following the parties' separation, she saw a psychologist for situational depression stemming from the circumstances surrounding the divorce.[1] She said that she would continue to need treatment in the future. Wife's insurance covered only a portion of the psychologist's care.

Based on Husband's stipulation of inappropriate marital conduct, the trial court granted the divorce to Wife. The trial court found that Wife was entitled to keep the $12,000 as her property, and did not divide it as marital property. The trial court found that all seventy acres of real property were marital property and divided it equally between the parties. The property was valued at $250,000. Husband was ordered to either pay Wife $125,000 for her interest in the property or sell the property and divide the net proceeds equally with Wife. The trial court awarded Wife approximately 51% of the remaining marital estate and awarded Husband approximately 49%. The trial court also awarded Wife rehabilitative alimony in the amount of $300 per month for three years, and ordered Husband to pay Wife's medical insurance for six months. Finally, the trial court awarded Wife $7500 in attorney's fees.

On appeal, Husband argues that the trial court erred in its classification of the $12,000 as Wife's separate property. He contends that the $12,000 is martial property and should be divided between the parties or, in the alternative, applied to Wife's attorney's fees. Husband also argues that the trial court erred in awarding Wife rehabilitative alimony. He asserts that the parties are the same age and have the same educational level and earning capacity. He also maintains that an award of alimony was improper based on the trial court's distribution of the marital property, resulting in Wife receiving in excess of $350,000 in property and cash after Husband paid for her interest in the seventy acres. Husband further argues that the trial court's award of attorney's and appraisal fees

---

[1]Evidence was admitted, on the issue of Wife's emotional state, that Husband's paramour's husband murdered his children and then took his own life.

was improper because Wife is financially able to pay her attorney. Husband cites the trial court's award of $263,719.00 in marital assets to Wife as evidence of her ability to pay for her attorney's fees. Husband contends that he has already paid a portion of Wife's attorney's fees because Wife used a portion of the $12,000 toward her attorney's fees.

A trial court is vested with wide discretion with regard to classifying and dividing property and its decisions are entitled to great weight on appeal. *See Wilson v. Moore*, 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996) (Citations omitted); *Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. Ct. App. 1997) Tenn. Code Ann. § 36-4-121(a) (1991). A trial court's classification and distribution of property will be presumed correct unless the evidence preponderates otherwise. *Id; Barnhill v. Barnhill*, 826 S.W.2d 443, 449 (Tenn. Ct. App. 1991). The trial court is also afforded wide discretion concerning an award of alimony, and an appellate court should reverse the trial court's findings only in instances in which this discretion "has manifestly been abused." *Hanover v. Hanover*, 775 S.W.2d 612, 617 (Tenn. Ct. App. 1989); *Ford*, 952 S.W.2d at 827. The trial court is also afforded discretion concerning whether to award attorney's fees in a divorce case. *See Long v. Long*, 957 S.W.2d 825, 827 (Tenn. Ct. App. 1997). On appeal, an appellate court shall not interfere with the trial court's decision except upon a showing of an abuse of that discretion. *Id.*

We consider first the $12,000 that Wife took from the parties' joint account when the parties separated. In *Elkins v. Elkins*, No. 03A01-9812-CH-00415, 1999 WL 1076940 (Tenn. Ct. App. Nov. 30, 1999) (perm. to appeal denied July 10, 2000), the Court excluded from its valuation of the martial estate funds that the wife took from the parties' joint investment account when the parties separated. *Id.* In *Elkins*, the wife testified that she utilized $16,000 from the parties' joint investment account funds during their separation to pay taxes and insurance, make necessary home repairs on the marital residence, and pay her attorney and other litigation expenses. *Id.* at *2. The Court found that the husband was inconsistent in his support to Wife during the separation and Wife had little or no personal income. It noted that the account was joint, accessible by either party. The Court concluded that the trial court correctly excluded the $16,000 from its valuation of the marital estate due to the nature of the account and the circumstances surrounding the wife's use of the funds. *Id.* (citing *Watters v. Watters*, 959 S.W.2d 585 (Tenn. Ct. App. 1997) (finding that the trial court properly excluded funds spent by the wife from the parties' joint account during the parties' separation because the account was joint and primarily used for household and living expenses)).

In this case, the trial court found that Wife was entitled to the $12,000 as separate property based on the circumstances leading to Wife's departure from the marital residence. Wife testified that she took the funds from the parties' joint savings account and utilized them to pay for expenses incident to her move and her attorney's fees. Husband offered no support to Wife while they were separated, despite Wife's requests and the undisputed fact that during their marriage he was the primary breadwinner. Under these circumstances, the evidence does not preponderate against the trial court's classification of the $12,000 as Wife's separate property or the trial court's distribution of marital property.

Husband next argues that the trial court erred in awarding Wife rehabilitative alimony, based on the parties' relative ages, education, earning capacity, and the trial court's division of

marital property. The decision regarding alimony depends on the particular facts of the case in light of the factors set forth in Tennessee Code Annotated § 36-5-101(d)(1). *See Mullinax v. Mullinax*, No. 01-A-01-9803-CH00137, 1999 WL 236283, at *3 (Tenn. Ct. App. Apr. 23, 1999); Tenn. Code Ann. § 36-5-101(d) (Supp. 2000). In awarding rehabilitative alimony, a trial court must consider, *inter alia*, the relative earning capacity, financial resources, education, separate assets, fault of the parties when the court deems appropriate, and age and mental condition of the parties. *See* Tenn. Code Ann. § 36-5-101(d). While fault can be considered, alimony is not intended to be punitive. The critical factors in setting the amount of alimony are the recipient spouse's need for spousal support and the obligor's spouse's ability to pay. The single most important factor is the demonstrated need for spousal support of the recipient spouse. *Sannella v. Sannella*, 993 S.W.2d 73, 76 (Tenn. Ct. App. 1999) (citations omitted); *Umstot v. Umstot*, 968 S.W.2d 819, 823 (Tenn. Ct. App. 1997).

In this case, the trial court made findings of fact as to each factor set forth in Tennessee Code Annotated § 36-5-101(d)(1). The trial court noted that Husband's actions were the precipitating reason for the failure of the marriage. The court also found that Wife suffered from psychological problems stemming from the break up of her marriage and was receiving counseling that at times required her to miss work. Based on these findings, the trial court concluded that Wife was entitled to rehabilitative alimony to pay for the counseling sessions, mileage, and time missed from work due to her counseling. Under these circumstances, the evidence does not preponderate against the trial court's findings or its award of rehabilitative alimony.

Last, Husband argues that the trial court erred in awarding Wife attorney's and appraisal fees. On appeal, an appellate court should not interfere with the trial court's award of attorney's fees unless there is clear showing of an abuse of discretion. *Long*, 957 S.W.2d at 827. An award of attorney's fees is "appropriate when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses or would be required to deplete his or her resources in order to pay these expenses." *Smith v. Smith*, 984 S.W.2d 606, 610 (Tenn. Ct. App. 1997) (citing *Brown v. Brown*, 913 S.W.2d 163 (Tenn. Ct. App. 1994)). In determining whether to award attorney's fees, the trial court should again consider the relevant factors Tennessee Code Annotated § 36-5-101(d)(1), including fault. *Kincaid v. Kincaid,* 912 S.W.2d 140, 144 (Tenn. Ct. App.1995). When the wife demonstrates that she is financially unable to afford counsel, and when the husband has the ability to pay, the court may properly order the husband to pay the wife's attorney's fees. *Id.* Though one spouse may receive most of the assets in a trial court's division of property, the court may still award attorney's fees to allow that spouse to preserve the assets awarded. *Wilson v. Wilson*, 987 S.W.2d 555, 566 (Tenn. Ct. App. 1998).

In this case, the trial court noted that the parties were substantially equivalent in education, training, and earning capacity. In addition, Husband was ordered to either pay Wife $125,000 for the value of her half of the seventy acres or, if the property were sold, to equally divide the net proceeds of the sale. Wife was also awarded a minimal amount of rehabilitative alimony. However, in her affidavit of income and expenses, Wife estimated that she had a monthly deficit of approximately $1200. In awarding attorney's fees and appraisal fees to Wife, the trial court noted that she incurred most of the fees in attempting to prove the grounds for the divorce, most of which

Husband stipulated on the day of trial.  While this presents a close question, considering all of the circumstances, we cannot conclude that the award of $7,500 in attorney's fees constituted an abuse of discretion.

The decision of the trial court is affirmed.  Costs are taxed to the appellant Herbert Ray Cates and his surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE