IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 5, 2000 Session

## STATE OF TENNESSEE EX REL. ELISA CRIPPEN v. LAWRENCE JOHNSON

**Appeal from the Juvenile Court for Knox County**
**No. B-1705     Carey E. Garrett, Judge**

**FILED FEBRUARY 2, 2001**

**No. E1999-01855-COA-R3-CV**

This case concerns the modification of a child support award. In addition to the child for whom support was set in the instant case, the obligor father had three other children. At one point in the past, he was required by court order to support these three other children; but, by the time of the hearing below, his obligation had been terminated except for an arrearage on which he was continuing to pay. In determining the proper award in the instant case, the trial court considered the father's other three children and deviated from the Child Support Guidelines due to the father's "hardship." The State, as assignee of the mother's right to child support, appeals. We modify the trial court's award.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed as Modified; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Paul G. Summers, Attorney General & Reporter; Stuart F. Wilson-Patton, Assistant Attorney General, and Kim Beals, Assistant Attorney General, for the appellant, State of Tennessee.

No appearance for the appellee.

### OPINION

I.

The relator, Elisa Crippen ("Mother") is the mother of Christopher Devon Johnson (DOB:

March 10, 1992).[1]   Under the authority of T.C.A. § 71-3-124 (Supp. 2000), Mother, a recipient of public assistance, had assigned her right to child support to the State of Tennessee.

On August 16, 1993, the Knox County Juvenile Court entered an order of legitimation establishing the respondent Lawrence Johnson ("Father") as Christopher's father.  The court also ordered Father to pay child support in the amount of $155 per month.  Father's payments were irregular at best, and an arrearage accrued.  Both parties have filed several petitions for modification and for contempt over the years.

Father has three children in addition to Christopher.  As late as May 3, 1999, Father was paying, pursuant to a court order in another case, child support in the amount of $370 per month for these three other children.

A hearing was held before the Referee on August 13, 1999, on a petition seeking to modify Father's support obligation in the instant case.  By the date of the hearing, Father had reconciled with the mother of his other three children, and he was residing with them.  His current support obligation as to these three children had been terminated except for an arrearage upon which he was still paying.  With respect to Christopher, the Referee ordered, as far as pertinent here, that

> [Father's] gross income is $1733.00 per month.  The Guideline amount for one child would be $295.00 per month.  The Court considers the three children in [Father's] home, and hearby [sic] modifies the child support to $161.13 per month.  Said amount is a deviation from the Guidelines due to [Father's] hardship.
>
> The arrearages are $6,326.84 as of July 31, 1999.  Said arrearage shall be retired at the rate of $45.00 per month, with the next payment due August 31, 1999.

The State appealed the Referee's decision, and the case was heard *de novo* before the Judge of the Knox County Juvenile Court on September 13, 1999.  That court confirmed the Referee's order.  The State now appeals to this Court.

II.

Our review of this non-jury case is *de novo*; however, the record comes to us accompanied by a presumption of correctness that we must honor unless the evidence preponderates against the trial court's findings.  Tenn. R. App. P. 13(d).  No presumption of correctness attaches to the lower court's conclusions of law.  *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn.Ct.App.1996).

---

[1]Mother lives with Christopher and a child by another man.

III.

A.

A petition to modify a previous child support award is governed by the Child Support Guidelines ("Guidelines"). T.C.A. § 36-5-101(a)(1) (Supp. 2000). The Guidelines, promulgated by the Tennessee Department of Human Services pursuant to T.C.A. § 36-5-101(e)(2), "are designed to make awards more equitable by providing a standardized method of computation." *Jones v. Jones*, 930 S.W.2d 541, 543 (Tenn.1996). They have the force of law. *Jahn*, 932 S.W.2d at 943.

Generally, a support award is determined under the Guidelines by multiplying the net income of the parent with whom the children do not primarily live ("obligor parent") by a percentage corresponding to the number of children for whom support is being calculated. *See* Tenn. Comp. R. & Regs. 1240-2-4-.03(5). *See also Jones*, 930 S.W.2d at 543. The figure so derived is rebuttably presumed to be correct. T.C.A. § 36-5-101(e)(1) (Supp. 2000). Courts are, however, given limited discretion to deviate from the Guidelines amount under certain circumstances. *See* T.C.A. § 36-5-101(e)(1); *see also* Tenn. Comp. R. & Regs. 1240-2-4-.04(2) and (4).

B.

The State first argues that the trial court erred when it considered Father's three other children in setting the amount of Father's child support obligation.

The Guidelines are clear concerning the circumstances under which a court may consider an obligor parent's other children in determining a child support award. An obligor parent's "net income" is derived by deducting from his or her gross income various taxes and "the amount of child support ordered pursuant to a previous order of child support for other children." Tenn. Comp. R. & Regs. 1240-2-4-.03(4). Furthermore, the same section states that "[c]hildren of the obligor who are not included in a decree of child support shall not be considered for the purposes of reducing the obligor's net income or in calculating the guideline amount." *Id*.

According to the statement of the evidence before us, Father testified at the September 13, 1999, hearing that, though he had previously been ordered to pay child support for his other three children, that obligation had been terminated except for an arrearage on which he continued to pay. The trial court obtained the file of that case from the Juvenile Court Clerk's office and verified Father's testimony on this point. Thus, the evidence reflects that Father's current support of his other three children is not pursuant to a court order. Such an obligation is not to be considered by the trial court, either in determining net income or in calculating support under the Guidelines. *See* Tenn. Comp. R. & Regs. 1240-2-4-.03(4); *see also Tennessee, ex rel. Avery v. Lewis*, C/A Nos. 02A01-9805-CV-00123, 02A01-9805-CV-00125, 1998 WL 886733, *4 (Tenn. Ct. App. W.S., filed

December 18, 1998) (holding that the obligor parent's voluntarily assumed support obligation could not be considered "because such payments are not being made pursuant to a court order.").[2]

With respect to the fact that Father is still paying on an arrearage for his other three children, we are of the opinion that this obligation does not fall within the type of support obligation referred to in Tenn. Comp. R. & Regs. 1240-2-4-.03(4). A court-ordered current support obligation is an amount that is due presently for an existing and ongoing obligation. In contrast, an arrearage is an amount that is due on a former obligation not yet paid. The two obligations are separate and distinct from each other, and they should be treated as such. We therefore hold that the trial court erred to the extent that it considered Father's other three children in reducing Father's net income or in calculating child support under the Guidelines.

C.

The State next argues that the trial court erred in deviating from the Guidelines "due to [Father's] hardship." We agree.

As stated previously, T.C.A. § 36-5-101(e)(1) provides that the amount of support derived by application of the Guidelines is rebuttably presumed to be proper. The same section also provides that courts may, in appropriate cases, deviate from the Guidelines "in order to provide for the best interest of the child(ren) or the equity between the parties." T.C.A. § 36-5-101(e)(1). A court's authority to deviate from the Guidelines, however, is limited, and courts must exercise that discretion in accordance with Tenn. Comp. R. & Regs. 1240-2-4-.04(2) and (4). *Jones*, 930 S.W.2d at 545.[3] These sections expressly provide for downward deviation where, *inter alia*, the obligor is saddled with an "extreme economic hardship." *Id*.

To determine what constitutes "extreme economic hardship," we look to the language of Tenn. Comp. R. & Regs. 1240-2-4-.04(4), which provides that

---

[2] In *Avery*, we noted that

> [t]here are valid policy reasons for requiring that child support be paid pursuant to a court order before it can be deducted to calculate an obligor's net income. A prior court order [e]nsures the awarding court that the obligor is legally liable for the amount of child support claimed as a deduction.

*Id*.

[3] In addition, Tenn. Comp. R. & Regs. 1240-2-4-.03(4) is pertinent to the instant case in that it provides that "[[c]hildren of the obligor who are not included in a decree of child support] should not be considered by the court as a reason for deviation unless they meet the requirements of Rule 1240-2-4-.04(4)." As we have already found, Father does not have a current support obligation for his other three children. Thus, these children can only be considered as a justification for deviation if they meet the requirements of Rule 1240-2-4-.04(4).

[i]n instances of extreme economic hardship, such as in cases involving extraordinary medical needs not covered by insurance or other extraordinary special needs for the child(ren) of the obligor's current family, [child(ren) living in the home with the obligor for whom the obligor is legally responsible] deviation from the guidelines may be considered in order to achieve equity between the parties when the court so finds.

Tenn. Comp. R. & Regs. 1240-2-4-.04(4) (brackets in original).

With respect to this issue, the trial court stated the following:

The Court considers the three children in [Father's] home, and hearby [sic] modifies the child support to $161.13 per month. Said amount is a deviation from the Guidelines due to [Father's] hardship.

The trial court seems to have read the bracketed language of this rule – "[child(ren) living in the home with the obligor for whom the obligor is legally responsible]" – as one of the cases constituting extreme economic hardship. The bracketed language, however, serves not as an example of such hardship, but rather as clarifying language for the phrase immediately preceding it, *i.e.*, "extraordinary medical needs not covered by insurance or other extraordinary special needs for the child(ren) of the obligor's current family." The bracketed language clarifies what the author of the rule meant by "obligor's current family." Thus, we are of the opinion that the simple fact that Father's three other children reside with him does not, by itself, justify a finding of "extreme economic hardship." The rule requires extraordinary circumstances, such as extraordinary medical needs not covered by insurance or extraordinary special needs of children living with a parent obligor, needs that are such as to cause "extreme economic hardship." The record before us does not indicate any such circumstances. We therefore find and hold that the trial court erred in deviating from the Guidelines based on a finding of hardship.

D.

Finally, the State argues that the trial court erred in deviating from the Guidelines without making a specific written finding. Because we have already held that the trial court erred simply by deviating, we do not have to address this issue in detail. We note, however, that if a court determines deviation is proper, it must make a written finding (1) stating the amount of support that would have been ordered under the Guidelines; and (2) stating, with justification, that application of the Guidelines would be unjust or inappropriate in that particular case. *See* T.C.A. § 36-5-101(e)(1); *see also* **Jones**, 930 S.W.2d at 546; **Smith v. Smith**, 984 S.W.2d 606, 608 (Tenn. Ct. App. 1999); **Jahn**, 932 S.W.2d at 943.

IV.

The judgment of the trial court modifying the child support award is modified so as to set child support at the Guidelines-mandated amount of $295.00 per month, effective back to the date of the trial court's judgment. As modified, the trial court's judgment is affirmed. This case is remanded for entry of an order consistent with this opinion, such further proceedings, if any, as may be necessary, and collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellee, Lawrence Johnson.

_____
CHARLES D. SUSANO, JR., JUDGE