IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Brief, September 19, 2001

## VINCE ARNOLD MULLINS, v. THERESA DARNELL MULLINS

**Direct Appeal from the Chancery Court for Greene County**
**No. 99000279     Hon. Thomas R. Frierson, II, Chancellor**

**FILED NOVEMBER 5, 2001**

**No. E2001-00912-COA-R3-CV**

The Trial Court granted parties a divorce, awarded custody of minor child to mother, and ordered rehabilitative alimony and attorney's fees to mother. Husband appealed. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

LeRoy Tipton, Jr., Greeneville, Tennessee, for Appellant, Vince Arnold Mullins.

Edward Kershaw, Greeneville, Tennessee, for Appellee, Theresa Darnell Mullins.

**OPINION**

In this divorce action where the parties were awarded a divorce, the husband appeals and raises the following issues:

1.      Whether the Trial Court erred in awarding custody of the parties' minor child to the appellee, as opposed to the appellant?

2.      Whether the Trial Court erred in awarding the appellee rehabilitative spousal support?

3.      Whether the Trial Court erred in awarding the appellee attorney's fees?

The parties were married in 1995 and have one six-year-old child, Hayden. It was

the second marriage for both parties, and the husband had custody of his two children, ages 8 and 10, from his first marriage, and the wife has one 13-year-old daughter from her first marriage. Essentially, the evidence establishes that all of the children are well adjusted, get along well, perform well in school, and are cared for by their parents and extended family.

The husband has been employed for the past six years by the State Department of Safety, earning $2,650.00 gross per month, plus benefits. The wife has been primary home-maker and caretaker of Hayden and her step-children. She now works at a combination of part-time jobs, including babysitting, weekend shifts at a service station, and cleaning in a motel and daycare at a church. She earns approximately $1,720.00 per month from these jobs, plus $419.00 in Social Security benefits for her daughter. She has approximately 20 hours of college credit.

The Trial Court granted an absolute divorce to both parties, pursuant to Tenn. Code Ann. §36-4-129(b). He then made specific findings of fact, and concluded that based upon the weighing of the statutory factors and a comparative fitness analysis, that the best interest of the child would be served by placing custody with the wife. The Court found that a harmonious and cooperative relationship did not exist between the parties, and that the child's continuity and security needs would be best served by custody remaining with the wife with liberal visitation by the husband, which visitation was spelled out in the Memorandum Opinion. A small downward deviation from child support guidelines was ordered in view of the husband's visitation times.

The Court found the wife to be economically disadvantaged, relative to the husband, but capable of economic rehabilitation. An award of rehabilitative alimony in the amount of $200.00 per month for 24 months was ordered, and she was also awarded $750.00 for attorney's fees.

Our review of these proceedings is *de novo* with a presumption of correctness in the findings of the Trial Court, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Rice v. Rice*, 983 S.W.2d 680, 682 (Tenn. Ct. App. 1998). On the issue of custody, the Court's comparative analysis centered upon the stability and continuity afforded the child, the parenting skills of both parents to provide physical and nurturing care, and the credibility of witnesses. The Court noted that while it was poor judgment that each parent cohabited with other partners after their separation, subsequent marriage would enhance the cases for custody.

Hayden's mother has been his primary caretaker. All of the testimony of witnesses, including husband, stated she was a good mother. The Trial Court found both parents have a strong, loving relationship with Hayden, and that he was being raised well. The evidence is that neither is a bad parent. Wife intends to marry the partner she is now living with, and the Trial Court determined that the evidence preponderates in favor of the wife as primary custodian. The Court applied the comparative fitness test, and we find the evidence does not preponderate against the Trial Judge's finding on the issue of custody. *See Bah v. Bah*, 668 S.W.2d 663, 666 (Tenn. Ct. App. 1983).

As to the issue of alimony, there is a preference for rehabilitative alimony for an

economically disadvantaged spouse, to enable the spouse to become more self-sufficient, if possible. Tenn. Code Ann. §36-5-l0l(b); *Crabtree v. Crabtree*, 16 S.W.3d 356, 359 (Tenn. 2000). Rehabilitative alimony awards are presumed correct unless the evidence preponderates otherwise, as analyzed under the statutory factors. *Crabtree*.

The Trial Court made extensive findings of fact regarding the relative situation of the parties in making its award of support. Wife was responsible, not only for Hayden and largely for her step-children, and she contributed labor towards the house construction, later found to be the husband's separate property. She curtailed her employment and education options in deference to her domestic duties, including husband's opportunities for job-related training. Husband has a steady job and a stable income, while she presently has only low paying, sporadic employment. The modest rehabilitative alimony will provide some means for her better financial condition and future earning capacity. We affirm the Trial Court on this issue.

On the issue of attorney's fees, an award of attorney's fees is proper when a party does not have sufficient assets to pay for representation, or would be required to extinguish or deplete liquid assets received in the divorce. *Smith v. Smith*, 984 S.W.2d 606, 610 (Tenn. Ct. App. 1997). Such awards are discretionary with the trial court, and are disturbed only if the evidence preponderates against the award, or a manifest injustice would result if allowed to stand. *Batson v. Batson*, 769 S.W.2d 849 (Tenn. Ct. App. 1988); *Long v. Long*, 957 S.W.2d 825, 829 (Tenn. Ct. App. 1997).

Clearly, the wife was in need of funds to defray her attorney's fees, and the marital estate contained very little assets of significant value and no cash proceeds with which she could pay her expenses. We affirm the Trial Judge's award of attorney's fees on this issue. On appeal, the wife seeks attorney's fees incurred in defending the Trial Court Judgment, arguing that the appeal is frivolous. We do not find the appeal to be frivolous, but taking into account the wife's circumstances and her successful defense of the custody award, we find that it is appropriate to award the wife attorney's fees for defending the Trial Court Judgment on appeal. *See* Tenn. Code Ann. §36-5-103(a)(2)(c).

The Judgment of the Trial Court is affirmed with costs assessed to the appellant Vince Arnold Mullins.

Upon remand, the Trial Court will establish reasonable attorney's fees incurred on appeal by wife, which are to be adjudged against the husband.

_____
HERSCHEL PICKENS FRANKS, J.