IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2004 Session

## BETTY LONORA McMILLIN WHALEN v. DAVID WESLEY WHALEN

Appeal from the Chancery Court for Roane County
No. 14633     Frank V. Williams, Chancellor

No. E2004-01008-COA-R3-CV - FILED DECEMBER 17, 2004

The issues in this case are whether the trial court's award of alimony to the wife was excessive because the husband's income may be diminished when he retires from his current employment and whether the trial court's award to wife for her attorney's fees and expenses was erroneous. Upon a finding that the time of the husband's retirement is uncertain and a further finding that the trial court did not abuse its discretion in awarding the wife attorney's fees and expenses, we affirm the judgment of the trial court as rendered and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Joe R. Judkins, Wartburg, Tennessee, for the Appellant, David Wesley Whalen

Browder G. Williams, Harriman, Tennessee, for the Appellee, Betty Lonora McMillin Whalen

**OPINION**

This is an appeal from a final decree for divorce. The Appellant, David Wesley Whalen, ("Husband") and the Appellee, Betty Lonora McMillin Whalen, ("Wife") were married on July 21, 1960. At the time of trial, Husband was sixty-one years of age and Wife was sixty years of age. The parties are the biological parents of two children, both of whom are adults, and the adoptive parents of two children, one of whom is a minor who is in the custody of his biological father by order of the juvenile court.

Husband's educational background is not in evidence. He entered the United States Navy in 1960 and remained there as a jet engine mechanic, except for one year, until his retirement in 1980. At the time of trial Husband was employed as a classification coordinator with the Tennessee Department of Corrections where he has worked for the past twenty-two years. Husband testified

that in 2003 his gross income from the Department of Corrections was $37,145.00. Wife has a high school diploma and attended one year of college. She retired from employment with the United States Department of Energy in January of 1997 and is currently unemployed. She has not earned income since her retirement, except for $1,100.00 which she earned during a six week period in 2003 for temporary part-time work.

Husband was suffering from a pinched nerve in his back and was on sick leave at the time of trial and indicated that he would return to work contingent upon improvement of his condition. Wife suffers from asthma attacks which have previously necessitated hospitalization. She also suffers from osteoporosis and chronic obstructive pulmonary disease. Wife's testimony at trial indicates that as a result of her respiratory problems, she requires periodic oxygen therapy and her ability to engage in physical labor is limited. She further testified that within the eighteen months preceding trial she had surgeries on the veins in her legs because of pain and swelling.

Husband left Wife in April of 2003 and the parties have remained separated since that time. Wife continues to reside in the marital residence which is, according to evidence presented at trial, "in an advance state of deterioration."

On July 22, 2003, Wife filed a complaint for legal separation in the Chancery Court for Roane County. Thereafter, Husband filed an answer and counter-complaint for divorce.

The case was tried on February 23, 2004. Evidence was presented at trial that Husband receives retirement pay from the United States Navy in the net amount of $888.19 per month after deduction of applicable taxes and an allotment of $90.00 to his savings program at the Navy Federal Credit Union. Wife receives retirement pay from her employment with the Department of Energy in the amount of $867.00 per month. At the time of trial, Wife's sole income consisted of Husband's Naval retirement pay and her retirement pay from the Department of Energy. Further evidence indicates that Wife's monthly expenses totaled approximately $1,900.00 at the time of trial. A portion of these expenses is attributable to medications Wife has been prescribed as a result of her health problems. Although when this case was tried all but $66.00 of the cost of these medications was being paid for by Husband's insurance coverage through the Navy, there was proof that such insurance coverage would cease one year after the parties' divorce at which time Wife would be required to assume the expense of her medicine at a cost of approximately $1,000.00 per month increasing her monthly expenses to almost $3,000.00. Husband testified that he receives a net amount of $2,205.72 per month for his work at the Department of Corrections. In addition to this amount, Husband receives an annual longevity bonus which, at the time of trial, amounted to $2,200.00 before taxes. Husband estimates his monthly expenses at $1,989.23.

After trial of the case, the Chancery Court rendered an oral memorandum opinion subsequently incorporated into a final decree which was entered on March 25, 2004. In summary, the decree awards Wife a divorce as conceded by Husband at trial; designates all assets belonging to the parties at the time of divorce as either "marital" or "separate" and divides such property; and apportions responsibility for debts incurred during the marriage. The decree specifically orders that

Husband continue paying Wife his monthly Naval retirement pay and that Wife retain the retirement pay which she receives from the Department of Energy. The decree further orders that Husband pay Wife permanent periodic alimony in the amount of $600.00 per month to be increased to the amount of $1,000.00 per month when Wife's medical insurance coverage ends. In addition, the decree awards Wife a judgment against Husband for attorney's fees and expenses incurred by her in the case in the amount of $3,204.50. Husband appeals this decree.

Husband presents the following issues for our review:

1) Whether the trial court erred in its award of alimony.

2) Whether the trial court erred in awarding Wife attorney's fees and expenses.

In a non-jury case such as this one, we review the record *de novo* with a presumption of correctness as to the trial court's determination of facts and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law are accorded no such presumption. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

First we address the issue of whether the trial court erred in its award of alimony to Wife in this case.

A trial court has broad discretion in awarding alimony and we are not inclined to alter its award absent an abuse of discretion. *Lindsey v. Lindsey*, 976 S.W.2d 175, 179-180 (Tenn. Ct. Ap.. 1997). With respect to the abuse of discretion standard, the Tennessee Supreme Court stated as follows in *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 ( Tenn. 2001):

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." A trial court abuses its discretion only when it "applie[s] and incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

> (Citations omitted.)

As the Tennessee Supreme Court stated in *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995), "[T]here is no absolute formula for determining the amount of alimony." A determination as to the amount and duration of alimony is factually driven and requires a balancing of various factors which are set forth in Tenn. Code Ann. § 36-5-101(d). *Herrera v. Herrera*, 944 S.W.2d 379, 387-388 (Tenn. Ct. App. 1996). Tenn. Code. Ann. § 36-5-101(d)(1)(E) provides that, in determining the

propriety, form and amount of alimony, a trial court should consider all relevant factors, including the following:

> (i) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
> (ii) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
> (iii) The duration of the marriage;
> (iv) The age and mental condition of each party;
> (v) The physical condition of each party including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
> (vi) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;
> (vii) The separate assets of each party, both real and personal, tangible and intangible;
> (viii) The provisions made with regard to the marital property as defined in § 36-4-121;
> (ix) The standard of living of the parties established during the marriage;
> (x) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;
> (xi) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and
> (xii) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

This Court has noted on prior occasion that, while all of the above factors must be considered in arriving at a decision regarding spousal support, "the two most important factors are the demonstrated need of the disadvantaged spouse and the obligor spouse's ability to pay." *Anderton v. Anderton*, 988 SW2d 675,683 (Tenn. Ct. App. 1998).

In arguing that the award of alimony was excessive in this case Husband states as follows:

> The plaintiff acknowledged, as discussed above, that she works as a babysitter for thirty hours per week, for which she claims to receive no income. Also, she admitted working and earning additional income performing computer data input work. Further, she has been putting aside at least $325.00 per month.

Husband does not indicate why these statements dictate a reduction in the trial court's award of alimony. While we acknowledge the accuracy of the facts stated, based upon our review of the record in this case, we do not agree that these facts warrant a modification of the trial court's award of alimony nor is there any reason to believe that the trial court did not consider these facts when it reached its decision.

In further support of his argument that Wife was awarded excessive alimony, Husband maintains that he will suffer a reduction in income upon his retirement from employment with the Department of Corrections. Husband argues that his post-retirement income will not be sufficient to cover both his living expenses and the alimony obligations which have been imposed upon him by the trial court.

In his brief Husband states that the trial court should have considered the fact that he is going to retire because of health problems. While Husband's testimony at trial was that he plans to retire in approximately one year "because, obviously, I'm not getting any better", he also testifies that he intends to return to work if possible:

> Q What are your future plans? If your health gets better, would you go back to work or - -
>
> A Yes, sir. I've worked since I can remember. So, it's real hard. it's harder not to work than it is to work.

Elsewhere in his testimony Husband states "I plan on retiring *sometime* ..." (Emphasis added.)

We find no evidence in the record which shows with certainty when Husband will retire or that his retirement is imminent. Accordingly, Husband's argument that the trial court should have taken the fact of his retirement into account in setting the amount of his support obligation is without merit. If and when Husband does retire, Husband may seek a modification of alimony pursuant to Tenn. Code Ann. §36-5-101(a)(1) which provides that a spousal support award may be modified or terminated upon a finding of a substantial and material change in circumstances.

Finally, in the context of his argument that the trial court erred in its award of spousal support, Husband asserts that the trial court was prohibited from designating all of his Naval retirement pay as marital property under the federal Uniformed Services Former Spouse's Protection Act embodied at 10 U.S.C.A. § 1408. We find nothing in the record to show that this was raised as an issue in the court below. An issue not raised in the trial court cannot be raised for the first time on appeal. *Knoxville Community Dev. Corp. v. Wright*, 600 S.W.2d 745,748 (Tenn. Ct. App. 1980).

It is our determination that the trial court considered the relevant statutory factors in arriving at a proper award of alimony to Wife and we find no basis for modifying such award.

The remaining issue we address is whether the trial court erred in awarding Wife attorney's fees and expenses incurred by her in this case. An award of attorney's fees is in the nature of an award of alimony. *Raskind v. Raskind*, 325 S.W.2d 617, 623 (Tenn. Ct. App. 1959). Like alimony, an award of attorney's fees is determined at the discretion of the trial court and such award will not be altered by this Court unless the trial court has abused its discretion. *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. Ct. App. 1992). An award of attorney's fees is proper "when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses or would be required to deplete his or her resources in order to pay these expenses." *Smith v. Smith*, 984 S.W.2d 606, 610 (Tenn. Ct. App. 1997) (citing *Brown v. Brown*, 913 S.W.2d 163 (Tenn. Ct. App. 1994)). The evidence in this case does not preponderate against the conclusion that Wife lacks sufficient funds to pay her attorney's fees and other legal expenses and we find no basis for finding that the trial court abused its discretion in ordering that Husband pay these.

For the foregoing reasons, the judgment of the trial court is affirmed and the cause is remanded for further action consistent with this opinion. Costs of appeal are adjudged against David Wesley Whalen and his surety.

_____
SHARON G. LEE, JUDGE